# EXHIBIT   NN

| | |
|---|---|
| **From:** | Maureen Landro |
| **To:** | Dahan, Kaela |
| **Subject:** | Fwd: Scanned image from MX-5070V |
| **Date:** | Wednesday, November 13, 2019 3:37:09 PM |
| **Attachments:** | Town Clerk_20191113_130037.pdf |

Good Morning:

    RE:  FREEDOM OF INFORMATION REQUEST # 518
         GRACE BAPTIST CHURCH OF NANUET

Attached are the records regarding the above request.  The remaining records are not yet available.  We expect to have them for you by December 4, 2019.
We will make every effort to produce the records as soon as possible.
You can access the minutes from the November 27, 2018 Town Board meeting on the Town Clerk's website.  As soon as the October 22, 2019  Town Board minutes
are approved and accepted, they will be put on the Town Clerk's website.

Maureen


Maureen Landro
Town Clerk's Office
10 Maple Avenue
New City, NY  10956
(Phone) 845-639-2010
(Fax) 845-639-2008



# TOWN OF CLARKSTOWN

**GEORGE HOEHMANN**
SUPERVISOR

ploftus@flmattys.com

September 25, 2019

Patrick Loftus, Esq.
Freeman & Loftus, RLLP
4 Laurel Road
New City, New York 10956

      Re: Grace Baptist Church of Nanuet
          20 Demarest Avenue, Nanuet, NY  (64.9-1-46)
          22 Demarest Avenue, Nanuet, NY  (64.9-1-47)
          24 Demarest Avenue, Nanuet, NY  (64.9-1-51)
          26 Demarest Avenue, Nanuet, NY  (64.9-1-50)
          9 Highview Avenue, Nanuet, NY  (64.9-1-48)

Dear Mr. Loftus:

This letter is to confirm in writing that the Town of Clarkstown is offering to purchase the above referenced properties for $4,550,000.

This offer is subject to the Town Board adopting a resolution authorizing the purchase and bonding for the properties and negative declaration determination with respect to SEQRA. The bonding resolution would be subject to permissive referendum and estoppel. The town typically has to wait approximately 60 days to close on the properties because of the referendum/estoppel periods.

It is anticipated that we will close on the subject properties approximately January 15, 2020.

Sincerely,

George Hoehmann

cc. VIA EMAIL: Paul.adler@randcommercial.com
Mr. Paul Adler, Esq.
Rand Commercial
260 South Main Street
New City, NY 10956



# Authorizing the Town Board to act as "Lead Agency" under SEQRA for the Purchase the Grace Baptist Church Properties in Nanuet, New York

WHEREAS, under the New York State Environmental Quality Review Act ("SEQRA"), environmental review must be conducted if a proposed action requires funding or permitting by a public entity, and

WHEREAS, the Grace Baptist Church has indicated its intent to sell 2.35± acres of properties located at 22-26 Demarest Avenue, 9 Highview Avenue, and 20 Demarest Avenue, Nanuet, New York (tax identification numbers of 64-1-46,47,48,50,51), to the Town of Clarkstown, and

WHEREAS, the Town is interested in acquiring the aforesaid properties for general municipal purposes;

NOW, THEREFORE, be it

RESOLVED, that the Town Board hereby declares that the Town Board is to act as Lead Agency for the purposes of the conducting an environmental review of the proposed acquisition of the Grace Baptist Church properties as required under New York State Environmental Quality Review Act (SEQRA), and that Dennis M. Letson, PE, Director of the Department of Engineering and Facilities Management, is hereby directed to act as agent for the Town Board with respect to the SEQRA review of the aforesaid properties.

DATED: October 22, 2019
TB 10-22-19 - TA RES Authorizing SEQRA - Grace Baptist Church Purchase - sk
*TMM*



# Authorizing the Town to Purchase the Grace Baptist Church Property in Nanuet for General Municipal Purposes

WHEREAS, the owner of 2.35± acres of property, Grace Baptist Church of New York, has offered to sell the property (land and building) to the Town of Clarkstown for $4,550,000, and

WHEREAS, the aforesaid property is located at 22-26 Demarest Avenue, 9 Highview Avenue, and 20 Demarest Avenue, Nanuet, New York and has tax identification numbers of 64.09-1-46,47,48,50,51, and

WHEREAS, the sale price asked by the owner is lower than the appraisal of the property obtained by the Town, and

WHEREAS, the Town Board deems it in the best interest of the Town to purchase the 2.35± acres of property for general municipal purposes;

NOW, THEREFORE, be it

RESOLVED, the Town Board hereby authorizes and directs the Supervisor to enter into a contract of sale, in a form approved by the Town Attorney, to purchase 2.35± acres of property located at 22-26 Demarest Avenue, 9 Highview Avenue and 20 Demarest Avenue, Nanuet, New York (Tax Map Nos. 64.09-1-46, 47, 48, 50, 51) for a price not to exceed $4,550,000 plus the usual and customary closing costs, subject to conditions, and be it

FURTHER RESOLVED, that the Supervisor is hereby authorized to execute any and all ancillary documents, in a form approved by the Town Attorney, necessary to pursue said purchase, and be it

FURTHER RESOLVED, that this purchase shall be subject to permissive referendum, and be it

FURTHER RESOLVED, that the Town Clerk shall cause aforesaid resolution to be published and posted and file proof thereof in the Office of the said Clerk, and be it

FURTHER RESOLVED, that this purchase shall be a proper charge to Account No. H-8772-409-0-95-16, and be it

FURTHER RESOLVED, that it is the intent of the Town Board to fund said purchase through the issuance of serial bonds.

DATED: November 7, 2019

TB 11-07-19 - TA RES Grace Baptist Church Purchase - sk
***TMM***



# Adopting A Determination of Significance Under the Provisions of 6NYCRR PART 617 State Environmental Quality Review (SEQR) for Acquisition of Property for General Municipal Purposes GRACE BAPTIST CHURCH, NANUET TAX LOTS 64.09-01-46, 47, 48, 50 and 51

WHEREAS, the Town Board wishes to acquire property located at 20, 22, 24 and 26 Demarest Ave., and 9 Highview Ave, Nanuet, Tax Lots 64.09-01-46, 47, 48, 50 and 51, for general municipal purposes, and

WHEREAS, by resolution dated October 22, 2019, the Board determined that it shall act as Lead Agency for SEQRA review for said acquisition and directed Dennis M. Letson, PE Director of Engineering & Facilities Management to act as agent for the Board, and

WHEREAS, said agent has prepared Short EAF Parts 1, 2 and 3 for the Board, and determined that the proposed acquisition is an Unlisted action under the provisions of SEQRA, and

WHEREAS said agent has further advised that the Town Board is the only involved agency for said SEQRA review and that no Lead Agency circulation is required, and,

WHEREAS, the Town Board has reviewed the Short EAF Parts 1, 2 and 3 for the proposed action and identified no potential significant adverse environmental impacts due to the proposed action, and

WHEREAS, the Town Board further recognizes that any future use will be subject to additional review under the provisions of SEQRA,

NOW THEREFORE BE IT RESOLVED that the Town Board, based on review of proposed action, and the potential environmental impacts therefrom, determines that the proposed action will not have a significant adverse environmental impact, and adopts a determination of non-significance.

DATED: November 7, 2019

TB-11-07-19-RES Neg Dec SEQRA- Grace Baptist Church -sk
*TMM*

**Attachments**
1. Grace Baptist SEAF Part 1

## Short Environmental Assessment Form    AMENDED
## Part 1 – Project Information

### Instructions for Completing

**Part 1 – Project Information.** The applicant or project sponsor is responsible for the completion of Part 1. Responses become part of the application for approval or funding, are subject to public review, and may be subject to further verification. Complete Part 1 based on information currently available. If additional research or investigation would be needed to fully respond to any item, please answer as thoroughly as possible based on current information.

Complete all items in Part 1. You may also provide any additional information which you believe will be needed by or useful to the lead agency; attach additional pages as necessary to supplement any item.

| Part 1 – Project and Sponsor Information | | | |
|---|---|---|---|
| Name of Action or Project: | | | |
| Acquisition of Grace Baptist Church Property | | | |
| Project Location (describe, and attach a location map): | | | |
| East side of Demarest Ave, north of Church St to north of Orchard St, hamlet of Nanuet | | | |
| Brief Description of Proposed Action: | | | |
| Acquisition of 5 tax parcels for general municipal purposes. Anticipated use as community center, meeting facility, parking and similar uses suitable to the existing structure and layout of the existing buildings and site amenities. Tax parcel numbers 64.09-01-46, 47, 48, 50 and 51. | | | |
| Name of Applicant or Sponsor: | Telephone: (845) 639-2050 | | |
| Town Board - Town of Clarkstown | E-Mail: g.hoehmann@clarkstown.org | | |
| Address: | | | |
| 10 Maple Avenue | | | |
| City/PO: | State: | Zip Code: | |
| New City | NY | 10956 | |
| 1. Does the proposed action only involve the legislative adoption of a plan, local law, ordinance, administrative rule, or regulation? If Yes, attach a narrative description of the intent of the proposed action and the environmental resources that may be affected in the municipality and proceed to Part 2. If no, continue to question 2. | | NO ☑ | YES ☐ |
| 2. Does the proposed action require a permit, approval or funding from any other government Agency? If Yes, list agency(s) name and permit or approval: | | NO ☑ | YES ☐ |
| 3. a. Total acreage of the site of the proposed action? | 1.61 acres | | |
|    b. Total acreage to be physically disturbed? | 0 acres | | |
|    c. Total acreage (project site and any contiguous properties) owned or controlled by the applicant or project sponsor? | 0 acres | | |

4. Check all land uses that occur on, are adjoining or near the proposed action:
5. ☐ Urban   ☐ Rural (non-agriculture)   ☐ Industrial   ☑ Commercial   ☑ Residential (suburban)
   ☐ Forest   ☐ Agriculture   ☐ Aquatic   ☑ Other(Specify): School
   ☐ Parkland

Attachment: Grace Baptist SEAF Part 1 (1648 : Neg Dec SEQRA- Grace Baptist Church)

| | | NO | YES | N/A |
|---|---|---|---|---|
| 5. | Is the proposed action, | | | |
| | a. A permitted use under the zoning regulations? | ☐ | ☐ | ✓ |
| | b. Consistent with the adopted comprehensive plan? | ☐ | ✓ | ☐ |

| | | NO | YES |
|---|---|---|---|
| 6. | Is the proposed action consistent with the predominant character of the existing built or natural landscape? | ☐ | ✓ |
| 7. | Is the site of the proposed action located in, or does it adjoin, a state listed Critical Environmental Area?<br>If Yes, identify: _____ | ✓ | ☐ |
| 8. a. | Will the proposed action result in a substantial increase in traffic above present levels? | ✓ | ☐ |
| b. | Are public transportation services available at or near the site of the proposed action? | ☐ | ✓ |
| c. | Are any pedestrian accommodations or bicycle routes available on or near the site of the proposed action? | ☐ | ✓ |

9. Does the proposed action meet or exceed the state energy code requirements? **N/A**

If the proposed action will exceed requirements, describe design features and technologies:

N/A - existing building

| | NO | YES |
|---|---|---|
| | ☐ | ☐ |

10. Will the proposed action connect to an existing public/private water supply? **N/A**

If No, describe method for providing potable water: _____
Existing building presently connected

| | NO | YES |
|---|---|---|
| | ☐ | ☐ |

11. Will the proposed action connect to existing wastewater utilities? **N/A**

If No, describe method for providing wastewater treatment: _____
Existing building presently connected

| | NO | YES |
|---|---|---|
| | ☐ | ☐ |

| | | NO | YES |
|---|---|---|---|
| 12. a. | Does the project site contain, or is it substantially contiguous to, a building, archaeological site, or district which is listed on the National or State Register of Historic Places, or that has been determined by the Commissioner of the NYS Office of Parks, Recreation and Historic Preservation to be eligible for listing on the State Register of Historic Places? | ✓ | ☐ |
| b. | Is the project site, or any portion of it, located in or adjacent to an area designated as sensitive for archaeological sites on the NY State Historic Preservation Office (SHPO) archaeological site inventory? | ✓ | ☐ |
| 13. a. | Does any portion of the site of the proposed action, or lands adjoining the proposed action, contain wetlands or other waterbodies regulated by a federal, state or local agency? | ✓ | ☐ |
| b. | Would the proposed action physically alter, or encroach into, any existing wetland or waterbody? | ☐ | ☐ |

If Yes, identify the wetland or waterbody and extent of alterations in square feet or acres: _____

Attachment: Grace Baptist SEAF Part 1 (1648 : Neg Dec SEQRA- Grace Baptist Church)

14. Identify the typical habitat types that occur on, or are likely to be found on the project site. Check all that apply:
    ☐ Shoreline  ☐ Forest  ☐ Agricultural/grasslands  ☐ Early mid-successional
    ☐ Wetland  ☑ Urban  ☑ Suburban

| # | Question | NO | YES |
|---|---|---|---|
| 15. | Does the site of the proposed action contain any species of animal, or associated habitats, listed by the State or Federal government as threatened or endangered? | ☑ | ☐ |
| 16. | Is the project site located in the 100-year flood plan? | ☑ | ☐ |
| 17. | Will the proposed action create storm water discharge, either from point or non-point sources? If Yes, | ☑ | ☐ |
| 17a. | Will storm water discharges flow to adjacent properties? | ☐ | ☐ |
| 17b. | Will storm water discharges be directed to established conveyance systems (runoff and storm drains)? If Yes, briefly describe: | ☐ | ☐ |
| 18. | Does the proposed action include construction or other activities that would result in the impoundment of water or other liquids (e.g., retention pond, waste lagoon, dam)? If Yes, explain the purpose and size of the impoundment: | ☑ | ☐ |
| 19. | Has the site of the proposed action or an adjoining property been the location of an active or closed solid waste management facility? If Yes, describe: | ☑ | ☐ |
| 20. | Has the site of the proposed action or an adjoining property been the subject of remediation (ongoing or completed) for hazardous waste? If Yes, describe: | ☑ | ☐ |

I CERTIFY THAT THE INFORMATION PROVIDED ABOVE IS TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE

Applicant/sponsor/name: George Hoehmann      Date: 11/7/19

Signature: *Geo. Hoehmann*     Title: Supervisor

PRINT FORM                                    Page 3 of 3



# Authorizing Funds for Acquisition of Land and Buildings at 22-26 Demarest Avenue, 9 Highview Avenue and 20 Demarest Avenue, Nanuet, NY

BOND RESOLUTION OF THE TOWN OF CLARKSTOWN, NEW YORK, ADOPTED NOVEMBER 7, 2019, AUTHORIZING ACQUISITION OF LAND AND BUILDINGS THEREON IN NANUET, LOCATED AT 22-26 DEMAREST AVENUE, 9 HIGHVIEW AVENUE, AND AT 20 DEMAREST AVENUE, STATING THE ESTIMATED TOTAL MAXIMUM COST THEREOF IS $4,600,000, APPROPRIATING SAID AMOUNT FOR SUCH PURPOSE, AND AUTHORIZING THE ISSUANCE OF BONDS IN THE PRINCIPAL AMOUNT OF $4,600,000 TO FINANCE SAID APPROPRIATION

THE TOWN BOARD OF THE TOWN OF CLARKSTOWN, IN THE COUNTY OF ROCKLAND, NEW YORK, HEREBY RESOLVES (by the favorable vote of not less than two-thirds of all the members of said Town Board) AS FOLLOWS:

Section 1.  The Town of Clarkstown, in the County of Rockland, New York (herein called the "Town"), is hereby authorized to finance the cost of acquisition for general municipal purposes of (a) land located in Nanuet, consisting of (i) approximately 1.61 acres located at 22-26 Demarest Avenue and 9 Highview Avenue and having tax identification numbers 64.09-1-47&48,50&51, and (ii) approximately 0.74 acres located at 20 Demarest Avenue and having tax identification number 64.09-1-46; and (b) the buildings and related improvements located thereon. The total estimated maximum cost thereof, including preliminary costs and costs incidental thereto and the financing thereof, is $4,600,000 and said amount is hereby appropriated for such purpose. The plan of financing includes the issuance of

bonds in the principal amount of $4,600,000 and any bond anticipation notes issued in anticipation of the sale of said bonds to finance said appropriation, and the levy and collection of taxes on all the taxable real property in the Town to pay the principal of and interest on said bonds and notes.

Section 2.  Bonds of the Town in the principal amount of $4,600,000 are hereby authorized to be issued pursuant to the provisions of the Local Finance Law, constituting Chapter 33-a of the Consolidated Laws of the State of New York (herein called the "Law"), to finance said appropriation.

Section 3.  The following additional matters are hereby determined and declared:

(a)  The period of probable usefulness applicable to the objects or purposes set forth in Section 1 hereof for which said $4,600,000 bonds are authorized to be issued, within the limitations of Section 11.00 a. 93 of the Law, is twenty (25) years.

(b)  The proceeds of the bonds herein authorized and any bond anticipation notes issued in anticipation of said bonds may be applied to reimburse the Town for expenditures made after the effective date of this resolution for the purpose for which said bonds are authorized.  The foregoing statement of intent with respect to reimbursement is made in conformity with Treasury Regulation Section 1.150-2 of the United States Treasury Department.

(c)  The proposed maturity of the bonds authorized by this resolution will exceed five (5) years.

Section 4.  Each of the bonds authorized by this resolution and any bond anticipation notes issued in anticipation of the sale of said bonds shall contain the recital of validity as prescribed by Section 52.00 of the Law and said bonds and any notes issued in anticipation of said bonds shall be general obligations of the Town, payable as to both principal and interest by general tax upon all the taxable real property within the Town.  The faith and credit of the Town are hereby irrevocably pledged to the punctual payment of the principal of and interest on said bonds and any notes issued in anticipation of the sale of said bonds and provision shall be made annually in the budget of the Town by appropriation for (a) the amortization and redemption of the bonds and any notes in anticipation thereof to mature in such year and (b) the payment of interest to be due and payable in such year.

TB November 7, 2019BOND FOR ACQUISITION OF GRACE BAPTIST CHURCH

Section 5. Subject to the provisions of this resolution and of the Law and pursuant to the provisions of Section 21.00 of the Law relative to the authorization of bonds with substantially level or declining annual debt service, Section 30.00 relative to the authorization of the issuance of bond anticipation notes and Section 50.00 and Sections 56.00 to 60.00 and Section 168.00 of the Law, the powers and duties of the Town Board relative to authorizing bond anticipation notes and prescribing the terms, form and contents and as to the sale and issuance of the bonds herein authorized, and of any bond anticipation notes issued in anticipation of said bonds, and the renewals of said bond anticipation notes, and as to the execution of agreements for credit enhancements, are hereby delegated to the Supervisor, the chief fiscal officer of the Town.

Section 6. The validity of the bonds authorized by this resolution, and of any notes issued in anticipation of the sale of said bonds, may be contested only if:

(a) such obligations are authorized for an object or purpose for which the Town is not authorized to expend money, or

(b) the provisions of law which should be complied with at the date of the publication of such resolution, or a summary thereof, are not substantially complied with,

and an action, suit or proceeding contesting such validity is commenced within twenty days after the date of such publication, or

(c) such obligations are authorized in violation of the provisions of the constitution.

Section 7. This bond resolution is subject to a permissive referendum and the Town Clerk is hereby authorized and directed, within ten (10) days after the adoption of this resolution, to cause to be published in *"The Journal-News,"* a newspaper having a general circulation within said Town and hereby designated the official newspaper of the Town for such publication, and posted on the sign board of the Town maintained pursuant to the Town Law, a Notice in substantially the following form:

<u>TOWN OF CLARKSTOWN, NEW YORK</u>

PLEASE TAKE NOTICE that on November 7, 2019, the Town Board of the Town of Clarkstown, in the County of Rockland, New York, adopted a bond resolution entitled:

> "Bond resolution of the Town of Clarkstown, New York, adopted November 7, 2019, authorizing acquisition of land and buildings thereon in Nanuet, located at 22-26 Demarest Avenue, 9 Highview Avenue, and at 20 Demarest Avenue, stating the estimated maximum cost thereof is $4,600,000, appropriating said amount for such purpose, and authorizing the issuance of bonds in the principal amount of $4,600,000 to finance said appropriation,"

an abstract of which bond resolution concisely stating the purpose and effect thereof, being as follows:

FIRST: AUTHORIZING said Town to finance the cost of acquisition for general municipal purposes of (a) land located in Nanuet, consisting of (i) approximately 1.61 acres located at 22-26 Demarest Avenue and 9 Highview Avenue and having tax identification numbers 64.09-1-47&48,50&51, and (ii) approximately 0.74 acres located at 20 Demarest Avenue and having tax identification number 64.09-1-46; and (b) the buildings and related improvements located thereon; STATING the estimated total maximum cost thereof, including preliminary costs, and costs incidental thereto and the financing thereof, is $4,600,000; APPROPRIATING said amount for such purpose; STATING the plan of financing includes the issuance of $4,600,000 bonds of the Town to finance said appropriation, and the levy of a tax upon all the taxable real property within the Town to pay the principal of said bonds and interest thereon;

SECOND: AUTHORIZING the issuance of bonds in the total principal amount of $4,600,000 pursuant to the Local Finance Law of the State of New York to finance said appropriation;

THIRD: DETERMINING and STATING the period of probable usefulness applicable to the objects or purposes for which said $4,600,000 bonds are authorized to be issued is twenty-five (25) years; the proceeds of said bonds and any bond anticipation notes issued in anticipation thereof may be applied to reimburse the Town for expenditures made after the effective date of this bond resolution for the purpose for which said bonds are authorized; and the proposed maturity of said bonds will exceed five (5) years;

FOURTH: DETERMINING that said bonds and any bond anticipation notes issued in anticipation of said bonds shall be general obligations of the Town; and PLEDGING to their payment the faith and credit of the Town;

FIFTH: DELEGATING to the Supervisor the powers and duties as to the issuance of said bonds and any bond anticipation notes issued in anticipation of said bonds, or the renewals thereof; and

SIXTH: DETERMINING that the bond resolution is subject to a permissive referendum.

DATED: November 7, 2019

Justin Sweet<br>Town Clerk

TB November 7, 2019BOND FOR ACQUISITION OF GRACE BAPTIST CHURCH

Section 8.   The Town Clerk is hereby authorized and directed to cause said bond resolution to be published, in summary, after said bond resolution shall take effect, in the newspaper referred to in Section 7 hereof, and hereby designated the official newspaper for said publication, together with a Notice in substantially the form as provided by Section 81.00 of the Law.

*TMM*