# EXHIBIT VV

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------x
ATERES BAIS YAAKOV ACADEMY OF
ROCKLAND

               Petitioner,

For a Judgment Pursuant to Article 78        Index No. 034514/2019
of the Civil Practice Law               Date Filed:
and Rules,

        – against –

THE TOWN OF CLARKSTOWN, THE
TOWN OF CLARKSTOWN ZONING
BOARD OF APPEALS, and THE TOWN OF
CLARKSTOWN BUILDING DEPARTMENT

              Respondents,
-----------------------------------------------------------x

## PETITIONER'S NOTICE OF SUPPLEMENTAL AUTHORITY

Petitioner submits this Notice of Supplemental Authority in further support of Petitioner's Verified Article 78 Petition and Declaratory Judgment Complaint [Doc. No. 1], and Petitioner's Memorandum in Opposition to Respondents' Motion to Dismiss [Doc. No. 40], Petitioner respectfully submits the agenda for the Town of Clarkstown's (the "Town") upcoming November 7, 2019 Town Board Meeting (the "Agenda"), attached hereto as Exhibit A. The Agenda includes a resolution authorizing the Town to purchase the Grace Baptist Church of Nanuet (the "Property") for $4,550,000 million, and a resolution authorizing the Town to finance

the cost of acquisition through the issuance of bonds in the amount of $4,600,000 million, a resolution adopting a determination of significance under the State Environmental Quality Review Act ("SEQRA") for the acquisition of the Property.

Petitioner urges the Court to take particular note of the Short Environmental Assessment Form to be filed in connection with the Town's SEQRA application (Agenda at 4-6), which notes that the Property will be used for "commercial" purposes – including "a community center, meeting facility, parking and similar uses," – which the Town affirms are "permitted use[s] under the zoning regulations" and "consistent with the predominant character of the existing built or natural landscape."  This is wholly inconsistent with the Town's stated interpretation of its Zoning Code and supposed "permitted use[s]" of the Property.  The Town has stated that "the legislative purpose" of Local Law No. 5 is to "preserve the residential character" of the zoning district by "restricting non-residential uses…" and that "Clarkstown has taken steps to fight against urban sprawl, to preserve open spaces and to keep its residential neighborhoods free form the intrusion of activities that would entail vehicular activity and traffic."  Respondents' Motion to Dismiss at ¶¶ 43 – 44.  That the town now seeks to purchase the property specifically for a commercial use that will surely "entail vehicular activity and traffic" further supports Petitioner's contention that the Town arbitrarily and capriciously misapplied its Zoning Code to block Petitioner's purchase of the Property only to position itself to purchase the Property for similar "commercial" purposes that the Town, its officials and residents supposedly opposed.

This information was not available at the time of briefing.  In fact, based on Clarkstown's own language—"when a nonconforming use is discontinued for a period of more than one year, the building or land where such nonconforming use previously existed may only thereafter be occupied and used for a conforming use"—we would have thought Clarkstown would have only

permitted a residential user to purchase the Property. Respondents' Motion to Dismiss at ¶ 14. Therefore, Petitioner respectfully requests that the Court consider this Agenda as supplemental authority in support of its prior motions.

Dated: November 5, 2019                                   Respectfully submitted,

                                                          /s/ Yehudah L. Buchweitz
                                                          Yehudah L. Buchweitz
                                                          WEIL, GOTSHAL & MANGES LLP
                                                          767 Fifth Avenue
                                                          New York, NY 10153
                                                          (212) 310-8256
                                                          yehudah.buchweitz@weil.com

                                                          Robert G. Sugarman
                                                          David Yolkut
                                                          Kaela Dahan
                                                          Michael E. Nagelberg
                                                          WEIL, GOTSHAL & MANGES LLP
                                                          767 Fifth Avenue
                                                          New York, New York 10153
                                                          (212) 310-8000
                                                          robert.sugarman@weil.com
                                                          david.yolkut@weil.com
                                                          kaela.dahan@weil.com
                                                          michael.nagelberg@weil.com

                                                          *Counsel for Plaintiff-Petitioner*

IRA M. EMANUEL, P.C.
Ira M. Emanuel
Amy Mele
4 Laurel Road
New City, NY 10956
(845) 634-4141
ira@emanuellaw.com
amy@amymelelaw.com

*Of Counsel*

# EXHIBIT A

FILED: ROCKLAND COUNTY CLERK 11/05/2019 07:52 PM
INDEX NO. 034514/2019
NYSCEF DOC. NO. 49
RECEIVED NYSCEF: 11/05/2019

Case 7:20-cv-01399-NSR   Document 1-49   Filed 02/18/20   Page 5 of 6

[Clarkstown Town Board Meeting Minutes of Nov. 7, 2019 Found at Exhibit UU]