# EXHIBIT XX

FILED: ROCKLAND COUNTY CLERK 11/08/2019 04:34 PM   INDEX NO. 034514/2019
NYSCEF DOC. NO. 44   RECEIVED NYSCEF: 11/08/2019
Case 7:20-cv-01399-NSR   Document 1-51   Filed 02/18/20   Page 2 of 10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------------------------------x
In the Matter of the Application of

ATERES BAIS YAAKOV ACADEMY OF
ROCKLAND,

                            Petitioner,

For a Judgment Pursuant to Article 78 of the
Civil Practice Law and Rules,

            -against-

THE TOWN OF CLARKSTOWN, THE TOWN OF
CLARKSTOWN ZONING BOARD OF APPEALS, and THE
TOWN OF CLARKSTOWN BUILDING DEPARTMENT,

                            Respondents.
------------------------------------------------------------------x

Index No. SU-2019-34514

AFFIRMATION IN
RESPONSE TO
PETITIONER'S NOTICE
OF SUPPLEMENTAL
AUTHORITY

        JOHN M. FLANNERY, an attorney duly admitted to practice law before the courts of the state of New York, hereby affirms, under penalty of perjury, as follows.

        1.    I am a member of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, attorneys for respondents Town of Clarkstown (the "Town"), Town of Clarkstown Zoning Board of Appeals (the "ZBA"), and Town of Clarkstown Building Department (the "Building Department") (collectively, "Respondents") in the above-captioned hybrid proceeding. I submit this affirmation in response to the Notice of Supplemental Authority, dated November 5, 2019 (D.E. 44, 45), filed by petitioner Ateres Bais Yaakov Academy of Rockland ("Petitioner").

        2.    Petitioner's Notice of Supplemental Authority is both manifestly inaccurate and legally insufficient, and should be disregarded by the Court in considering Respondents' motion to dismiss.

        3.    Petitioner's Notice of Supplemental Authority calls this Court's attention to the agenda for the Town Board Meeting held on November 7, 2019, and in particular to the proposed

-1-

resolution by the Town Board to authorize the purchase of the Grace Baptist Church property, the property at issue in the instant proceeding. *See* Town Board Agenda, attached as Exhibit A to Petitioner's Notice, at Item No. 2.

4. The Resolution, as adopted, with attached Short Environmental Assessment Form (SEAF) is annexed hereto as **Exhibit A**.[1]

5. The agenda items states clearly that the Town seeks to purchase the property for "*general municipal purposes*." Ex. A (emphasis added). Ignoring this plain language, the Petitioner asserts, *incorrectly,* that the Town intends to use the property for "commercial purposes." Notice, at p.2.

6. Petitioner arrives at this false description of the Town's intentions by means of a patently false and misleading interpretation of the SEAF Form which accompanied the Town's proposed resolution.

7. Petitioner's analysis begins by ignoring the description of the proposed action contained in the very form on which Petitioner relies to make its specious argument. Hence, the proposed action is described as follows: "Acquisition of 5 tax parcels for *general municipal purposes*. Anticipated use as *community center*, meeting facility, parking and similar uses suitable to the existing structure and layout of the existing buildings and site amenities." Ex. A (emphasis added).

8. While hoping the Court will simply overlook this clear language, Petitioner draws the Court's attention to Items 4, 5 and 6 of the form. Item 4 states: "Check all land uses that occur on, are adjoining *or near* the proposed action." Ex. A (emphasis added). The Town checked boxes

---

[1] The Resolution and SEAF Form adopted at the November 7, 2019 Town Board Meeting is identical to the attachment to Petitioner's Notice of Supplemental Authority with one exception: At Item No. 5(a) of the SEAF, the Town checked "N/A" with respect to whether the proposed action is a permitted use under the zoning regulations. This change was made in light of the well-established rule that a municipality is not subject to its own zoning regulations where, as here, it is pursuing a governmental action. *See infra.*

-2-

8000626v.1

for "commercial," "residential (suburban)", and "other (school)." In item 5, the Town indicates that the proposed action is a permitted use under the zoning regulations and consistent with the Town's comprehensive plan. As noted, in adopting the resolution, the Town Amended the response to Item 5(a) to change it from "Yes" to "N/A." In Item 6, the Town states that the proposed action is consistent with the predominant character of the existing built or natural landscape. *Id.*

9. Relying on the SEAF, Petitioner argues that "the [T]own now seeks to purchase the property specifically for a commercial use," Notice, at p.2, and that this intended use is inconsistent with the position the Town has taken in moving to dismiss this proceeding. *Id.*

10. Petitioner's argument is simply wrong and should be rejected entirely.

11. Item No. 4 in the Short Form Assessment calls for a description not of the proposed use itself, but rather of "all land uses that occur on, *are adjoining or near* the proposed action." Ex. A (emphasis added). As Petitioners themselves have highlighted in in this proceeding, multiple commercial properties are located about a block-and-a-half away from the property along Main Street in Nanuet. Item No. 4 simply reflects that basic fact, not that the Town intends to use the property itself for "commercial purposes."

12. Indeed, as noted above, the Town's intentions are clearly stated in the brief description of the proposed action, where it provides that the Town seeks to purchase the property for "general municipal purposes," and to use the property as a "community center." Ex. A.

13. Contrary to Petitioner's argument, a community center is perfectly consistent with the legislative purpose of Local Law No. 5, which is to preserve the residential character of the zoning district.

14. To the extent Petitioner asserts that the Town would be violating its own zoning regulations by acquiring property for use as a community center, that argument must be rejected.

-3-

8000626v.1

15. It is a fundamental principle of zoning law that a municipality is exempt from its own zoning regulations when carrying out a governmental function. *See Little Joseph Realty, Inc. v. Town of Babylon*, 41 N.Y.2d 738, 742 (1977). Here, the Town intends to purchase the former Grace Baptist Church property to create a community center, an intention that is clearly governmental in nature and exempt from the Town's zoning requirements. As noted above, in recognition of this fact, the Town amended its response to Item No. 5(a) of the SEAF from "Yes" to "N/A." Because the Town is pursuing a governmental purpose in opening a community center, the Town's zoning laws are not applicable.

16. In short, Petitioner's "Notice of Supplemental Authority" is factually inaccurate, legally insufficient and does nothing to change the basic fact that (i) Petitioner, who is a stranger to the property, lacks standing to pursue this proceeding and (ii) the Town fully complied with its obligations under FOIL.

### Conclusion

17. Respondents' motion to dismiss should be granted in its entirety.

Dated: White Plains, New York
November 8, 2019

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
Attorneys for Respondents

John M. Flannery, Esq.
1133 Westchester Avenue
White Plains, NY 10604
(914) 323-7000
File No. 19816.00010

# Exhibit A



# Adopting A Determination of Significance Under the Provisions of 6NYCRR PART 617 State Environmental Quality Review (SEQR) for Acquisition of Property for General Municipal Purposes GRACE BAPTIST CHURCH, NANUET TAX LOTS 64.09-01-46, 47, 48, 50 and 51

WHEREAS, the Town Board wishes to acquire property located at 20, 22, 24 and 26 Demarest Ave., and 9 Highview Ave, Nanuet, Tax Lots 64.09-01-46, 47, 48, 50 and 51, for general municipal purposes, and

WHEREAS, by resolution dated October 22, 2019, the Board determined that it shall act as Lead Agency for SEQRA review for said acquisition and directed Dennis M. Letson, PE Director of Engineering & Facilities Management to act as agent for the Board, and

WHEREAS, said agent has prepared Short EAF Parts 1, 2 and 3 for the Board, and determined that the proposed acquisition is an Unlisted action under the provisions of SEQRA, and

WHEREAS said agent has further advised that the Town Board is the only involved agency for said SEQRA review and that no Lead Agency circulation is required, and,

WHEREAS, the Town Board has reviewed the Short EAF Parts 1, 2 and 3 for the proposed action and identified no potential significant adverse environmental impacts due to the proposed action, and

WHEREAS, the Town Board further recognizes that any future use will be subject to additional review under the provisions of SEQRA,

NOW THEREFORE BE IT RESOLVED that the Town Board, based on review of proposed action, and the potential environmental impacts therefrom, determines that the proposed action will not have a significant adverse environmental impact, and adopts a determination of non-significance.

DATED: November 7, 2019

TB-11-07-19-RES Neg Dec SEQRA- Grace Baptist Church -sk
*TMM*

**Attachments**
1. Grace Baptist SEAF Part 1

TB November 7, 2019    NEG DEC SEQRA- GRACE BAPTIST CHURCH

## Short Environmental Assessment Form
### Part 1 - Project Information

**AMENDED**

### Instructions for Completing

**Part 1 – Project Information.** The applicant or project sponsor is responsible for the completion of Part 1. Responses become part of the application for approval or funding, are subject to public review, and may be subject to further verification. Complete Part 1 based on information currently available. If additional research or investigation would be needed to fully respond to any item, please answer as thoroughly as possible based on current information.

Complete all items in Part 1. You may also provide any additional information which you believe will be needed by or useful to the lead agency; attach additional pages as necessary to supplement any item.

**Part 1 – Project and Sponsor Information**

Name of Action or Project:
Acquisition of Grace Baptist Church Property

Project Location (describe, and attach a location map):
East side of Demarest Ave, north of Church St to north of Orchard St, hamlet of Nanuet

Brief Description of Proposed Action:
Acquisition of 5 tax parcels for general municipal purposes. Anticipated use as community center, meeting facility, parking and similar uses suitable to the existing structure and layout of the existing buildings and site amenities. Tax parcel numbers 64.09-01-46, 47, 48, 50 and 51.

Name of Applicant or Sponsor: Town Board - Town of Clarkstown
Telephone: (845) 639-2050
E-Mail: g.hoehmann@clarkstown.org

Address: 10 Maple Avenue

City/PO: New City
State: NY
Zip Code: 10956

1. Does the proposed action only involve the legislative adoption of a plan, local law, ordinance, administrative rule, or regulation?
If Yes, attach a narrative description of the intent of the proposed action and the environmental resources that may be affected in the municipality and proceed to Part 2. If no, continue to question 2.
**NO** ☑ YES ☐

2. Does the proposed action require a permit, approval or funding from any other government Agency?
If Yes, list agency(s) name and permit or approval:
**NO** ☑ YES ☐

3. a. Total acreage of the site of the proposed action? 1.61 acres
   b. Total acreage to be physically disturbed? 0 acres
   c. Total acreage (project site and any contiguous properties) owned or controlled by the applicant or project sponsor? 0 acres

4. Check all land uses that occur on, are adjoining or near the proposed action:
5. ☐ Urban  ☐ Rural (non-agriculture)  ☐ Industrial  ☑ Commercial  ☑ Residential (suburban)
   ☐ Forest  ☐ Agriculture  ☐ Aquatic  ☑ Other(Specify): School
   ☐ Parkland

| | | NO | YES | N/A |
|---|---|---|---|---|
| 5. | Is the proposed action, | | | |
| | a. A permitted use under the zoning regulations? | | | ✓ |
| | b. Consistent with the adopted comprehensive plan? | | ✓ | |

| | | NO | YES |
|---|---|---|---|
| 6. | Is the proposed action consistent with the predominant character of the existing built or natural landscape? | | ✓ |

| | | NO | YES |
|---|---|---|---|
| 7. | Is the site of the proposed action located in, or does it adjoin, a state listed Critical Environmental Area? | ✓ | |
| | If Yes, identify: | | |

| | | NO | YES |
|---|---|---|---|
| 8. a. | Will the proposed action result in a substantial increase in traffic above present levels? | ✓ | |
| b. | Are public transportation services available at or near the site of the proposed action? | | ✓ |
| c. | Are any pedestrian accommodations or bicycle routes available on or near the site of the proposed action? | | ✓ |

| | | | NO | YES |
|---|---|---|---|---|
| 9. | Does the proposed action meet or exceed the state energy code requirements? | N/A | | |
| | If the proposed action will exceed requirements, describe design features and technologies: | | | |
| | N/A - existing building | | | |

| | | | NO | YES |
|---|---|---|---|---|
| 10. | Will the proposed action connect to an existing public/private water supply? | N/A | | |
| | If No, describe method for providing potable water: | | | |
| | Existing building presently connected | | | |

| | | | NO | YES |
|---|---|---|---|---|
| 11. | Will the proposed action connect to existing wastewater utilities? | N/A | | |
| | If No, describe method for providing wastewater treatment: | | | |
| | Existing building presently connected | | | |

| | | NO | YES |
|---|---|---|---|
| 12. a. | Does the project site contain, or is it substantially contiguous to, a building, archaeological site, or district which is listed on the National or State Register of Historic Places, or that has been determined by the Commissioner of the NYS Office of Parks, Recreation and Historic Preservation to be eligible for listing on the State Register of Historic Places? | ✓ | |
| b. | Is the project site, or any portion of it, located in or adjacent to an area designated as sensitive for archaeological sites on the NY State Historic Preservation Office (SHPO) archaeological site inventory? | ✓ | |

| | | NO | YES |
|---|---|---|---|
| 13. a. | Does any portion of the site of the proposed action, or lands adjoining the proposed action, contain wetlands or other waterbodies regulated by a federal, state or local agency? | ✓ | |
| b. | Would the proposed action physically alter, or encroach into, any existing wetland or waterbody? | | |
| | If Yes, identify the wetland or waterbody and extent of alterations in square feet or acres: | | |

| | |
|---|---|
| 14. Identify the typical habitat types that occur on, or are likely to be found on the project site. Check all that apply:<br>☐ Shoreline   ☐ Forest   ☐ Agricultural/grasslands   ☐ Early mid-successional<br>☐ Wetland   ☑ Urban   ☑ Suburban | |
| 15. Does the site of the proposed action contain any species of animal, or associated habitats, listed by the State or Federal government as threatened or endangered? | NO ☑   YES ☐ |
| 16. Is the project site located in the 100-year flood plan? | NO ☑   YES ☐ |
| 17. Will the proposed action create storm water discharge, either from point or non-point sources?<br>If Yes, | NO ☑   YES ☐ |
|     a. Will storm water discharges flow to adjacent properties? | ☐ ☐ |
|     b. Will storm water discharges be directed to established conveyance systems (runoff and storm drains)?<br>If Yes, briefly describe: | ☐ ☐ |
| 18. Does the proposed action include construction or other activities that would result in the impoundment of water or other liquids (e.g., retention pond, waste lagoon, dam)?<br>If Yes, explain the purpose and size of the impoundment: | NO ☑   YES ☐ |
| 19. Has the site of the proposed action or an adjoining property been the location of an active or closed solid waste management facility?<br>If Yes, describe: | NO ☑   YES ☐ |
| 20. Has the site of the proposed action or an adjoining property been the subject of remediation (ongoing or completed) for hazardous waste?<br>If Yes, describe: | NO ☑   YES ☐ |

I CERTIFY THAT THE INFORMATION PROVIDED ABOVE IS TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE

Applicant/sponsor/name: George Hoehmann        Date: 11/7/19

Signature: _[signature]_        Title: Supervisor

PRINT FORM

Page 3 of 3