**EXHIBIT   ZZ**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

-----------------------------------------------------------x

ATERES BAIS YAAKOV ACADEMY OF
ROCKLAND

                                 Petitioner,

                  – against –

THE TOWN OF CLARKSTOWN, THE
TOWN OF CLARKSTOWN ZONING
BOARD OF APPEALS, and THE TOWN OF
CLARKSTOWN BUILDING DEPARTMENT

                             Respondents,

-----------------------------------------------------------x

Index No. 034514/2019

**NOTICE OF APPEAL**

       PLEASE TAKE NOTICE that Petitioner Ateres Bais Yaakov Academy of Rockland

hereby appeals to the Appellate Division of the Supreme Court of the State of New York, Second

Department, from the Decision and Order (the "Decision and Order") of the Supreme Court of

the State of New York, Rockland County dated December 23, 2019 and entered in the Office of

the County Clerk for the County of Rockland on December 24, 2019, notice of entry having been

served on January 3, 2020 (a copy of which is attached as Exhibit A). A true and correct copy of

the Decision and Order is attached hereto as Exhibit B. This appeal is taken from each and every

adverse part of the Decision and Order.

Dated: New York, New York
       January 7, 2020

Respectfully submitted,

By: /s/ Yehudah L. Buchweitz
     Yehudah L. Buchweitz
     WEIL, GOTSHAL & MANGES LLP
     767 Fifth Avenue
     New York, NY 10153
     (212) 310-8256
     yehudah.buchweitz@weil.com
     *Attorneys for Petitioner*

TO:    John M. Flannery
       WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
       1133 Westchester Avenue
       White Plains, NY 10604
       (914) 323-7000
       *Attorneys for Respondents*

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

-------------------------------------------------------------------------- x

In the Matter of the Application of                     :     Index No. SU-2019-34514
                                                        :
ATERES BAIS YAAKOV ACADEMY OF                           :
ROCKLAND,                                               :
                                                        :
                                    Petitioner,         :     NOTICE OF ENTRY
                                                        :
For a Judgment Pursuant to Article 78 of the            :
Civil Practice Law and Rules,                           :
                                                        :
                         -against-                      :
                                                        :
THE TOWN OF CLARKSTOWN, THE TOWN OF                     :
CLARKSTOWN ZONING BOARD OF APPEALS, and THE            :
TOWN OF CLARKSTOWN BUILDING DEPARTMENT,                 :
                                                        :
                                    Respondents.        :

-------------------------------------------------------------------------- x

PLEASE TAKE NOTICE that, attached hereto is a true copy of the Decision & Order of

Supreme Court of the State of New York, County of Rockland (Berliner, *J.S.C.*), dated and entered

December 24, 2019.

Dated: White Plains, New York
       January 3, 2020

                                        Respectfully submitted,

                                        WILSON, ELSER, MOSKOWITZ,
                                        EDELMAN & DICKER, LLP
                                        Attorneys for Respondents


                                        John M. Flannery, Esq.
                                        Lalit K. Loomba, Esq.

                                        1133 Westchester Avenue
                                        White Plains, NY  10604
                                        (914) 323-7000
                                        File No. 19816.00010

8085112v.1

-1-

To commence the statutory
time period for appeals as of
right (CPLR 5513 [a]), you
are advised to serve a copy
of this order, with notice of
entry, upon all parties.

SUPREME COURT : STATE OF NEW YORK
COUNTY OF ROCKLAND
HON. ROBERT M. BERLINER, J.S.C.

-----------------------------------------------------------x
In the Matter of the Application of,
ATERES BAIS YAAKOV ACADEMY OF
ROCKLAND

                                        Petitioner,                    DECISION AND ORDER

                                                                       Index No.: 034514/2019
For a Judgment Pursuant to CPLR Article 78 and
for Other Relief
                        -against-

                                                                       Motion Sequence # 2
THE TOWN OF CLARKSTOWN, THE TOWN
OF CLARKSTOWN ZONING BOARD OF
APPEALS, and THE TOWN OF CLARKSTOWN
BUILDING DEPARTMENT,

                                        Respondents.
-----------------------------------------------------------x

The following papers, numbered 1 to 4, were read on the motion pursuant to CPLR §§ 7804(f)

and 3211 submitted by Respondents Town of Clarkstown, Town of Clarkstown Zoning Board of

Appeals, and Town of Clarkstown Building Department ("Respondents") seeking to dismiss

Petitioner's Ateres Bais Yaakov Academy of Rockland ("ABY") verified petition and complaint:

> Notice of Motion/Affirmation in Support/Exhibits(A-H) . . . . . . . . . . . . . . . . . . . . . . . . 1-2
> Memorandum of Law in Opposition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
> Affirmation in Reply . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4[1]

Upon the foregoing papers, it is ORDERED that this motion is disposed of as follows:

ABY commenced this hybrid CPLR article 78 petition and declaratory judgment action

against Respondents after it was denied a building permit and a hearing before the Clarkstown

---

[1] Both ABY's and Respondents' papers regarding "supplemental authority" submitted
after the return date of this motion were neither read nor considered in deciding this motion,
pursuant to this Court's Part Rules.

-1-

Zoning Board of Appeals ("the ZBA"). On August 17, 2018, ABY and Grace Baptist Church ("GBC") entered into a Purchase and Sale Agreement ("the Agreement") for GBC's parcel of real property located at 22 Demarest Avenue, 24 Demarest Avenue, 26 Demarest Avenue, and 9 Highway Avenue, in Nanuet, New York ("the Property"). The Property is located in the Town of Clarkstown ("the Town"). On December 26, 2018, ABY submitted to the Clarkstown Building Department ("Building Department") a building permit application in order to make improvements to the Property. On January 11, 2019, the Building Department denied ABY's application for various reasons, which included that ABY needed a variance from the ZBA. On March 8, 2019, ABY submitted an appeal of the denial and an application for an area variance to the ZBA. On March 19, 2019, the Building Department emailed ABY that the appeal was incomplete as it was missing a required survey. On May 7, 2019, ABY submitted the survey.

On May 16, 2019, ABY failed to appear at the closing under the Agreement. Later on that same day, GBC notified ABY that it was terminating the Agreement. GBC also notified the Clarkstown Town Attorney of its decision to terminate the Agreement and revoked its consent authorizing ABY to submit land use applications regarding the Property on its behalf. At that time, ZBA had not passed upon a decision regarding ABY's appeal and application for a variance. Then on June 24, 2019, after not hearing from the ZBA subsequent to submitting its survey for the appeal, ABY submitted a letter to the ZBA requesting a hearing on the appeal. On July 9, 2019, ABY received a letter from the Town's outside counsel that the ZBA would not entertain the appeal because GBC terminated the Agreement and revoked its consent to ABY's land use applications.

Meanwhile, on June 4, 2019, the Rockland Journal News published an article containing a statement by George Hoehmann, the Town's Supervisor, regarding the Town's interest in purchasing the Property. On June 6, 2019, ABY submitted to the Town Clerk a request for various documents pursuant to Article 6 of the New York Public Officers Law, known as Freedom of Information Law ("FOIL"). Specifically, it requested records and communications pertaining to the Town's potential purchase and sale of the Property and Hoehmann's statements regarding such. On July 5, 2019, the Town Clerk responded to the FOIL request by stating that "no such records exist." Affirmation in support, Exhibit h, Verified Article 78 Petition and Declaratory Judgment Complaint ¶ 87. On July 22, 2019, ABY appealed this response to Hoehmann via email. On August 8, 2019, after not

-2-

receiving a response to its FOIL appeal, ABY commenced this action.

In its verified petition and complaint, ABY requests the Court to: (1) compel the ZBA to hold a hearing on ABY's appeal pursuant to Article 78; (2) direct the ZBA to overturn the Building Department's determination and find that a variance is inapplicable for ABY's intended use of the Property, or in the alternative direct the ZBA to grant ABY a variance, pursuant to Article 78; (3) declare that the Building Department's determination was contrary to law, arbitrary and capricious, invalid as applied to ABY, and in violation of ABY's constitutional right to the free exercise of religion pursuant to Article 30; and (4) compel the Town to produce all records in response to ABY's FOIL request, and award ABY attorney's fees for obtaining such requests.

Now, before the Court is Respondents' motion to dismiss the petition and complaint on various grounds. Specifically, they allege that ABY lacks standing for the first, second, and third causes of action. Additionally, Respondents allege that ABY's fourth cause of action should be dismissed pursuant to CPLR §§ 3211(a)(1) and 3211(a)(7).

I. Standing

A petitioner must have standing to challenge government action. *N.Y. State Ass'n of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]. Standing consists of a two-part test. *Id.*

> "First, a plaintiff must show 'injury in fact,' meaning that plaintiff will actually be harmed by the challenged administrative action. As the term itself implies, the injury must be more than conjectural. Second, the injury a plaintiff asserts must fall within the zone of interests or concerns sought to be promoted or protected by the statutory provision under which the agency has acted."

*Id.* [citations omitted]; *see also Matter of Gizzo v Town of Mamaroneck*, 36 AD3d 162, 167 [2d Dept 2006]. "Whether in the form of an article 78 proceeding for review of an administrative determination or an action for an injunction, challenges to zoning determinations may only be made by 'aggrieved' persons." *Sun-Brite Car Wash, Inc. v Board of Zoning & Appeals*, 69 NY2d 406, 413 [1987]. "Where the challenged action directly involves the objector's own land or the property of an adjoining landowner, the law presumes injury in fact without the necessity of demonstrating special damage." *Soc'y of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 790-91 [1991].

A. ABY's Standing for its Article 78 Causes of Action

Here, the first and second causes of action are directed at the ZBA's failure to hold a hearing,

-3-

Case 7:20-cv-01399-NSR   Document 1-53   Filed 02/18/20   Page 9 of 27

overturn the Building Department's denial of ABY's building permit, and grant ABY a variance. ABY alleges that because it was an immediate party to the administrative proceeding, as ABY itself applied for the building permit and appealed its denial, its standing is presumed. *Sun-Brite*, 69 NY2d at 413. This argument, however, overlooks whether ABY is actually an *aggrieved* party, not just an immediate party to the administrative proceedings because ABY must still show it suffered an injury-in-fact as a result of the ZBA's actions. *See id.* at 413 ["Aggrievement warranting judicial review requires a threshold showing that a person has been adversely affected by the activities of the defendants . . . Traditionally, this has meant that injury in fact must be pleaded and proved"]. In this matter, ABY alleges that

> "[a]s a result of the discriminatory conduct of the Building Inspector and denial of the Building Permit Application, coupled with the Building Department's and ZBA's undue delay through arbitrary and capricious conduct, ABY was unable to obtain the financing it had previously received commitments for or any alternative means of financing the acquisition of the Property."

Affirmation in opposition at 4-5. ABY applied for the building permit as a contract-vendee with GBC's, the owner of the Property, consent. While ABY's appeal was pending before the ZBA, GBC notified the Town that it terminated the Agreement and revoked its consent previously given to ABY. Consequently, although ABY was initially an "immediate party" to the administrative proceedings, GBC's revocation of its consent terminated ABY's interest in the Property. Therefore, the ZBA's subsequent actions did not cause ABY to lose its access to financing the acquisition of the Property. As a result, ABY is not an aggrieved party to have standing to challenge the ZBA's decisions to not hold a hearing, overturn the Building Department's decision, or grant a variance.

Moreover, ABY relies on *Froelich v Huntington* to support its position that even though it had lost an interest in the property, its claims are not moot. 159 AD2d 606 [2d Dept 1990]. That case, however, is distinguishable from the case at bar. The court in *Froelich* stated "[a]s original parties, the plaintiffs can continue the action even though their interest in the property *was transferred while the appeal was pending* (see, CPLR 1018; *Udell v Haas*, 20 NY2d 862)." *Id.* at 607 [emphasis added]. In that case, the transfer of interest occurred during the appeal of the trial court's decision, not the agency's administrative decision. *Id.* Furthermore, the relevant language in CPLR § 1018, which is cited in *Froelich*, states that "[u]pon any transfer of interest, the action may be *continued* by or against the original parties . . ." [emphasis added]. Here, ABY lost its interest in

-4-

the Property prior to commencing this hybrid article 78 proceeding. Therefore, the Court is not persuaded by ABY's mootness argument. Because ABY has not shown that it has a sufficient injury-in-fact, it failed to meet its burden to establish its standing. Consequently, ABY's first and second causes of action seeking relief pursuant to Article 78 are dismissed for lack of standing.

### B. ABY's Request for Declaratory Relief

ABY's third cause of action seeks declaratory relief regarding the Building Department's denial of its building permit application. The legal standard for standing for ABY's article 78 causes of actions applies equally to its claim for declaratory judgment. *Matter of Harris v Town Bd. of Town of Riverhead*, 73 AD3d 922, 924 [2d Dept 2010]["the criteria regarding standing in a proceeding commenced pursuant to CPLR article 78 to challenge a land-use approval are the same as those that govern an action for a judgment declaring that a zoning ordinance is invalid"]. As mentioned above, ABY alleges that the Building Department's adverse decision caused ABY to lose access to financing the acquisition of the Property. For the purposes of this analysis, assuming that ABY's allegations amount to a legally cognizable injury-in-fact for standing, this injury nonetheless fails to fall within the zone of interests protected by the relevant zoning ordinance.

In its denial of ABY's building permit application, the Building Department cited Clarkstown Town Code section 290-20(I), which was enacted through Local Law No. 5 in 2016. ABY alleges that its interests are protected under Local Law No. 5 because its non-residential permit application makes it a "direct applicant seeking to maintain a non-residential use in the R-10 district with its purchase of the Property." Affirmation in opposition at 13. ABY relies on the first and third stated purposes in Local Law No. 5: "1. Preserve the suburban and remaining semi-rural character of the Town . . . 3. Expand initiatives to safeguard neighborhoods from inappropriately scaled development." Petition, Exhibit b, Local Law No. 5, Section 2. Conversely, Respondents allege that the zoning ordinance "was enacted to protect the health, safety and welfare of the community by limiting high density development in residential districts by focusing uses other than single-family homes to locations that abut and have access to major roads." Affirmation in reply ¶ 41. Consequently, ABY's interests do not fall within these interests because ABY "presents itself as a business owner hoping to open a private school in the Town." *Id.* Respondents, however, do not cite to any factual proof for this alleged legislative purpose.

-5-

In reviewing the Resolution enacting Local Law No. 5, the Court finds that ABY's alleged injury is not within the zoning ordinance because the zoning ordinance protects the interests of the residential properties by regulating non-residential uses in residential zoning districts.

> "As stated it is the overall goal of this text amendment to *reduce negative impacts generated by non-residential uses* within residential zoning districts. The proposed amendment would decrease the types of non-single-family residential uses permitted in residential zoning districts. Many of the remaining permitted non-single family residential uses would be restricted to State and County roadways, which are better suited to handle more intensive uses."

Petition, Exhibit b, Resolution of the Town Board Adopting Local Law No. 5 at 7 [emphasis added]. Based on this excerpt, in conjunction with the stated legislative purposes mentioned earlier, the Court finds that Local Law No. 5 does not promote or protect the interests of ABY as a prospective non-residential property owner seeking to open an educational institution in a residential zoning district. Consequently, ABY does not have standing to bring its third cause of action.

II. ABY's FOIL Cause of Action

At this juncture, Respondents move to dismiss the fourth cause of action because a defense is founded in documentary evidence and ABY failed to state a cause of action because the Town Clerk and Hoehmann certified that the requested records do not exist, as required by Public Officers Law § 89(3)(a). In their motion papers, Respondents include a letter dated August 9, 2019, a day after ABY commenced this proceeding, from Hoehmann responding to ABY's FOIL appeal.

Government agencies are required to "make available for public inspection and copying all records . . ." Public Officers Law § 87(2). The government agency must "provide a copy of such record and certify to the correctness of such copy if so requested, or as the case may be, shall certify that it does not have possession of such record or that such record cannot be found after diligent search . . ." Public Officers Law § 89(3)(a). "The statute does not specify the manner in which an agency must certify that documents cannot be located." *Rattley v NY City Police Dep't*, 96 NY2d 873, 875 [2001]. When an individual appeals the denial of access to a record, the government agency designated to review the appeal "shall within ten business days of receipt of such appeal fully explain in writing to the person requesting the record the reasons for further denial, or provide access to the record sought." Public Officers Law § 89(4)(a).

As an initial matter, the Court declines to consider Hoehmann's letter responding to ABY's

FOIL appeal because the letter is dated after ABY commenced this hybrid article 78 action and more than ten business days after the alleged appeal. Therefore, the letter is outside the administrative record, and thus improper for the Court to consider on this motion to dismiss. *See Matter of Molloy v New York City Police Dept.*, 50 AD3d 98, 100 [1st Dept 2008]["In relying on the NYPD's submissions tendered after the expiration of the 10-day administrative appeal response period, and after the commencement of the article 78 proceeding, Supreme Court improperly considered evidence outside the administrative record"]; *see also Kam Hampton I Realty Corp. v Board of Zoning Appeals*, 273 AD2d 387 [2d Dept 2000].

### A. CPLR § 3211(a)(1) defense founded in documentary evidence

In ABY's petition, it alleges that the Town Clerk replied to its FOIL request stating "no such records exist." However, an exhibit of this response has not been submitted by the parties in order for the Court to determine whether this statement is a sufficient certification under Public Officers Law § 89(3)(a). The Town cannot establish its defense by using ABY's petition to prove that the Town Clerk's certification conforms with the law. *1911 Richmond Ave. Assoc., LLC v G.L.G. Capital, LLC*, 60 AD3d 1021, 1022 [2d Dept 2009]; *see also Advanced Global Tech., LLC v Sirius Satellite Radio, Inc.*, 44 AD3d 317, 318 [1st Dept 2007]. Consequently, Respondents' argument to dismiss ABY's fourth cause of action pursuant to CPLR § 3211(a)(1) is denied.

### B. CPLR § 3211(a)(7) failure to state a cause of action

On a motion to dismiss a pleading pursuant to CPLR § 3211(a)(7), "all of the allegations in the petition/complaint are deemed true and the petitioner/plaintiff is afforded the benefit of every favorable inference." *Matter of Kar-McVeigh, LLC v Zoning Bd. of Appeals of Town of Riverhead*, 93 AD3d 799, 800 [2d Dept 2012][internal citations omitted]. Furthermore, "the sole criterion is whether the petition sets forth allegations sufficient to make out a claim that the determination sought to be reviewed was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion." *Matter of Oddone v Suffolk County Police Dep't*, 96 AD3d 758, 760 [2d Dept 2012][internal citations omitted]. When a government agency fails to respond to an appeal of a FOIL request within the requisite ten day time period, it is a denial by operation of law. Public Officers Law § 89(4)(b). Additionally, "a person denied access to a record in an appeal determination . . . may bring a proceeding for review of such denial." *Id.*

-7-

Here, ABY's petition asserts that it appealed the Town Clerk's response on July 22, 2019 by sending Hoehmann a letter via email, and that Hoehmann had not responded to the appeal as of August 8, 2019, more than ten business days after the alleged appeal. Because ABY alleges that Hoehmann failed to respond to ABY's appeal, the pleadings set forth a cause of action against the Town for failing to perform a duty enjoined upon it by law. Therefore, Respondents' argument to dismiss ABY's fourth cause of action pursuant to CPLR § 3211(a)(7) is denied.

Based upon the foregoing, it is

ORDERED that Respondent's motion to dismiss is granted as to ABY's first, second, and third causes of action, and it is further;

ORDERED that ABY's first, second, and third causes of action are hereby dismissed, and it is further;

ORDERED that Respondents file an answer to ABY's verified petition and complaint as to its remaining cause of action by **Tuesday, January 21, 2020.**

The foregoing constitutes the Decision and Order of the Court.

Dated: New City, New York
       December 23, 2019

ENTER

HON. ROBERT M. BERLINER, J.S.C.

To:

Counsel of Record via NYSCEF

-8-

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF WESTCHESTER      )


      Christine Shannon, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in Westchester County.

      That on the 3rd day of January 2020, I served the within document(s) entitled NOTICE OF ENTRY upon:

| | |
|---|---|
| WEIL, GOTSHAL & MANGES, LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>(212) 310-8000<br>Attn: Yehudah L. Buchweitz, Esq.<br>Yehudah.buchweitz@weil.com | IRA M. EMANUEL, P.C.<br>4 Laurel Road<br>New City, NY 10956<br>(845) 734-4141<br>ira@emanuellaw.com |

at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

*Christine Shannon*

Christine Shannon

Sworn to before me this
3rd day of January 3, 2020

Notary Public

LALIT K. LOOMBA
Notary Public, State of New York
No. 60-5006806
Qualified in Westchester County
Commission Expires Jan. 11, 2023

8085112v.1

-2-

# EXHIBIT B

To commence the statutory
time period for appeals as of
right (CPLR 5513 [a]), you
are advised to serve a copy
of this order, with notice of
entry, upon all parties.

SUPREME COURT : STATE OF NEW YORK
COUNTY OF ROCKLAND
HON. ROBERT M. BERLINER, J.S.C.

--------------------------------------------------------------x

In the Matter of the Application of,
ATERES BAIS YAAKOV ACADEMY OF
ROCKLAND

          Petitioner,

For a Judgment Pursuant to CPLR Article 78 and
for Other Relief

    -against-

THE TOWN OF CLARKSTOWN, THE TOWN
OF CLARKSTOWN ZONING BOARD OF
APPEALS, and THE TOWN OF CLARKSTOWN
BUILDING DEPARTMENT,

         Respondents.

--------------------------------------------------------------x

DECISION AND ORDER

Index No.: 034514/2019

Motion Sequence # 2

The following papers, numbered 1 to 4, were read on the motion pursuant to CPLR §§ 7804(f)

and 3211 submitted by Respondents Town of Clarkstown, Town of Clarkstown Zoning Board of

Appeals, and Town of Clarkstown Building Department ("Respondents") seeking to dismiss

Petitioner's Ateres Bais Yaakov Academy of Rockland ("ABY") verified petition and complaint:

Notice of Motion/Affirmation in Support/Exhibits(A-H) ........................ 1-2
Memorandum of Law in Opposition ......................................... 3
Affirmation in Reply ....................................................... 4[1]

Upon the foregoing papers, it is ORDERED that this motion is disposed of as follows:

ABY commenced this hybrid CPLR article 78 petition and declaratory judgment action

against Respondents after it was denied a building permit and a hearing before the Clarkstown

--------------------------------

[1] Both ABY's and Respondents' papers regarding "supplemental authority" submitted
after the return date of this motion were neither read nor considered in deciding this motion,
pursuant to this Court's Part Rules.

Zoning Board of Appeals ("the ZBA"). On August 17, 2018, ABY and Grace Baptist Church ("GBC") entered into a Purchase and Sale Agreement ("the Agreement") for GBC's parcel of real property located at 22 Demarest Avenue, 24 Demarest Avenue, 26 Demarest Avenue, and 9 Highway Avenue, in Nanuet, New York ("the Property"). The Property is located in the Town of Clarkstown ("the Town"). On December 26, 2018, ABY submitted to the Clarkstown Building Department ("Building Department") a building permit application in order to make improvements to the Property. On January 11, 2019, the Building Department denied ABY's application for various reasons, which included that ABY needed a variance from the ZBA. On March 8, 2019, ABY submitted an appeal of the denial and an application for an area variance to the ZBA. On March 19, 2019, the Building Department emailed ABY that the appeal was incomplete as it was missing a required survey. On May 7, 2019, ABY submitted the survey.

On May 16, 2019, ABY failed to appear at the closing under the Agreement. Later on that same day, GBC notified ABY that it was terminating the Agreement. GBC also notified the Clarkstown Town Attorney of its decision to terminate the Agreement and revoked its consent authorizing ABY to submit land use applications regarding the Property on its behalf. At that time, ZBA had not passed upon a decision regarding ABY's appeal and application for a variance. Then on June 24, 2019, after not hearing from the ZBA subsequent to submitting its survey for the appeal, ABY submitted a letter to the ZBA requesting a hearing on the appeal. On July 9, 2019, ABY received a letter from the Town's outside counsel that the ZBA would not entertain the appeal because GBC terminated the Agreement and revoked its consent to ABY's land use applications.

Meanwhile, on June 4, 2019, the Rockland Journal News published an article containing a statement by George Hoehmann, the Town's Supervisor, regarding the Town's interest in purchasing the Property. On June 6, 2019, ABY submitted to the Town Clerk a request for various documents pursuant to Article 6 of the New York Public Officers Law, known as Freedom of Information Law ("FOIL"). Specifically, it requested records and communications pertaining to the Town's potential purchase and sale of the Property and Hoehmann's statements regarding such. On July 5, 2019, the Town Clerk responded to the FOIL request by stating that "no such records exist." Affirmation in support, Exhibit h, Verified Article 78 Petition and Declaratory Judgment Complaint ¶ 87. On July 22, 2019, ABY appealed this response to Hoehmann via email. On August 8, 2019, after not

receiving a response to its FOIL appeal, ABY commenced this action.

In its verified petition and complaint, ABY requests the Court to: (1) compel the ZBA to hold a hearing on ABY's appeal pursuant to Article 78; (2) direct the ZBA to overturn the Building Department's determination and find that a variance is inapplicable for ABY's intended use of the Property, or in the alternative direct the ZBA to grant ABY a variance, pursuant to Article 78; (3) declare that the Building Department's determination was contrary to law, arbitrary and capricious, invalid as applied to ABY, and in violation of ABY's constitutional right to the free exercise of religion pursuant to Article 30; and (4) compel the Town to produce all records in response to ABY's FOIL request, and award ABY attorney's fees for obtaining such requests.

Now, before the Court is Respondents' motion to dismiss the petition and complaint on various grounds. Specifically, they allege that ABY lacks standing for the first, second, and third causes of action. Additionally, Respondents allege that ABY's fourth cause of action should be dismissed pursuant to CPLR §§ 3211(a)(1) and 3211(a)(7).

I. Standing

A petitioner must have standing to challenge government action. *N.Y. State Ass'n of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]. Standing consists of a two-part test. *Id.*

> "First, a plaintiff must show 'injury in fact,' meaning that plaintiff will actually be harmed by the challenged administrative action. As the term itself implies, the injury must be more than conjectural. Second, the injury a plaintiff asserts must fall within the zone of interests or concerns sought to be promoted or protected by the statutory provision under which the agency has acted."

*Id.* [citations omitted]; *see also Matter of Gizzo v Town of Mamaroneck*, 36 AD3d 162, 167 [2d Dept 2006]. "Whether in the form of an article 78 proceeding for review of an administrative determination or an action for an injunction, challenges to zoning determinations may only be made by 'aggrieved' persons." *Sun-Brite Car Wash, Inc. v Board of Zoning & Appeals*, 69 NY2d 406, 413 [1987]. "Where the challenged action directly involves the objector's own land or the property of an adjoining landowner, the law presumes injury in fact without the necessity of demonstrating special damage." *Soc'y of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 790-91 [1991].

A. ABY's Standing for its Article 78 Causes of Action

Here, the first and second causes of action are directed at the ZBA's failure to hold a hearing,

-3-

overturn the Building Department's denial of ABY's building permit, and grant ABY a variance. ABY alleges that because it was an immediate party to the administrative proceeding, as ABY itself applied for the building permit and appealed its denial, its standing is presumed. *Sun-Brite*, 69 NY2d at 413. This argument, however, overlooks whether ABY is actually an *aggrieved* party, not just an immediate party to the administrative proceedings because ABY must still show it suffered an injury-in-fact as a result of the ZBA's actions. *See id.* at 413 ["Aggrievement warranting judicial review requires a threshold showing that a person has been adversely affected by the activities of the defendants . . . Traditionally, this has meant that injury in fact must be pleaded and proved"]. In this matter, ABY alleges that

> "[a]s a result of the discriminatory conduct of the Building Inspector and denial of the Building Permit Application, coupled with the Building Department's and ZBA's undue delay through arbitrary and capricious conduct, ABY was unable to obtain the financing it had previously received commitments for or any alternative means of financing the acquisition of the Property."

Affirmation in opposition at 4-5. ABY applied for the building permit as a contract-vendee with GBC's, the owner of the Property, consent. While ABY's appeal was pending before the ZBA, GBC notified the Town that it terminated the Agreement and revoked its consent previously given to ABY. Consequently, although ABY was initially an "immediate party" to the administrative proceedings, GBC's revocation of its consent terminated ABY's interest in the Property. Therefore, the ZBA's subsequent actions did not cause ABY to lose its access to financing the acquisition of the Property. As a result, ABY is not an aggrieved party to have standing to challenge the ZBA's decisions to not hold a hearing, overturn the Building Department's decision, or grant a variance.

Moreover, ABY relies on *Froelich v Huntington* to support its position that even though it had lost an interest in the property, its claims are not moot. 159 AD2d 606 [2d Dept 1990]. That case, however, is distinguishable from the case at bar. The court in *Froelich* stated "[a]s original parties, the plaintiffs can continue the action even though their interest in the property *was transferred while the appeal was pending* (*see*, CPLR 1018; *Udell v Haas*, 20 NY2d 862)." *Id.* at 607 [emphasis added]. In that case, the transfer of interest occurred during the appeal of the trial court's decision, not the agency's administrative decision. *Id.* Furthermore, the relevant language in CPLR § 1018, which is cited in *Froelich*, states that "[u]pon any transfer of interest, the action may be *continued* by or against the original parties . . ." [emphasis added]. Here, ABY lost its interest in

the Property prior to commencing this hybrid article 78 proceeding. Therefore, the Court is not persuaded by ABY's mootness argument. Because ABY has not shown that it has a sufficient injury-in-fact, it failed to meet its burden to establish its standing. Consequently, ABY's first and second causes of action seeking relief pursuant to Article 78 are dismissed for lack of standing.

### B. ABY's Request for Declaratory Relief

ABY's third cause of action seeks declaratory relief regarding the Building Department's denial of its building permit application. The legal standard for standing for ABY's article 78 causes of actions applies equally to its claim for declaratory judgment. *Matter of Harris v Town Bd. of Town of Riverhead*, 73 AD3d 922, 924 [2d Dept 2010]["the criteria regarding standing in a proceeding commenced pursuant to CPLR article 78 to challenge a land-use approval are the same as those that govern an action for a judgment declaring that a zoning ordinance is invalid"]. As mentioned above, ABY alleges that the Building Department's adverse decision caused ABY to lose access to financing the acquisition of the Property. For the purposes of this analysis, assuming that ABY's allegations amount to a legally cognizable injury-in-fact for standing, this injury nonetheless fails to fall within the zone of interests protected by the relevant zoning ordinance.

In its denial of ABY's building permit application, the Building Department cited Clarkstown Town Code section 290-20(I), which was enacted through Local Law No. 5 in 2016. ABY alleges that its interests are protected under Local Law No. 5 because its non-residential permit application makes it a "direct applicant seeking to maintain a non-residential use in the R-10 district with its purchase of the Property." Affirmation in opposition at 13. ABY relies on the first and third stated purposes in Local Law No. 5: "1. Preserve the suburban and remaining semi-rural character of the Town . . . 3. Expand initiatives to safeguard neighborhoods from inappropriately scaled development." Petition, Exhibit b, Local Law No. 5, Section 2. Conversely, Respondents allege that the zoning ordinance "was enacted to protect the health, safety and welfare of the community by limiting high density development in residential districts by focusing uses other than single-family homes to locations that abut and have access to major roads." Affirmation in reply ¶ 41. Consequently, ABY's interests do not fall within these interests because ABY "presents itself as a business owner hoping to open a private school in the Town." *Id.* Respondents, however, do not cite to any factual proof for this alleged legislative purpose.

-5-

In reviewing the Resolution enacting Local Law No. 5, the Court finds that ABY's alleged injury is not within the zoning ordinance because the zoning ordinance protects the interests of the residential properties by regulating non-residential uses in residential zoning districts.

> "As stated it is the overall goal of this text amendment to *reduce negative impacts generated by non-residential uses* within residential zoning districts. The proposed amendment would decrease the types of non-single-family residential uses permitted in residential zoning districts. Many of the remaining permitted non-single family residential uses would be restricted to State and County roadways, which are better suited to handle more intensive uses."

Petition, Exhibit b, Resolution of the Town Board Adopting Local Law No. 5 at 7 [emphasis added]. Based on this excerpt, in conjunction with the stated legislative purposes mentioned earlier, the Court finds that Local Law No. 5 does not promote or protect the interests of ABY as a prospective non-residential property owner seeking to open an educational institution in a residential zoning district. Consequently, ABY does not have standing to bring its third cause of action.

II. ABY's FOIL Cause of Action

At this juncture, Respondents move to dismiss the fourth cause of action because a defense is founded in documentary evidence and ABY failed to state a cause of action because the Town Clerk and Hoehmann certified that the requested records do not exist, as required by Public Officers Law § 89(3)(a). In their motion papers, Respondents include a letter dated August 9, 2019, a day after ABY commenced this proceeding, from Hoehmann responding to ABY's FOIL appeal.

Government agencies are required to "make available for public inspection and copying all records . . ." Public Officers Law § 87(2). The government agency must "provide a copy of such record and certify to the correctness of such copy if so requested, or as the case may be, shall certify that it does not have possession of such record or that such record cannot be found after diligent search . . ." Public Officers Law § 89(3)(a). "The statute does not specify the manner in which an agency must certify that documents cannot be located." *Rattley v NY City Police Dep't*, 96 NY2d 873, 875 [2001]. When an individual appeals the denial of access to a record, the government agency designated to review the appeal "shall within ten business days of receipt of such appeal fully explain in writing to the person requesting the record the reasons for further denial, or provide access to the record sought." Public Officers Law § 89(4)(a).

As an initial matter, the Court declines to consider Hoehmann's letter responding to ABY's

-6-

FOIL appeal because the letter is dated after ABY commenced this hybrid article 78 action and more than ten business days after the alleged appeal. Therefore, the letter is outside the administrative record, and thus improper for the Court to consider on this motion to dismiss. *See Matter of Molloy v New York City Police Dept.*, 50 AD3d 98, 100 [1st Dept 2008]["In relying on the NYPD's submissions tendered after the expiration of the 10-day administrative appeal response period, and after the commencement of the article 78 proceeding, Supreme Court improperly considered evidence outside the administrative record"]; *see also Kam Hampton I Realty Corp. v Board of Zoning Appeals*, 273 AD2d 387 [2d Dept 2000].

### A. CPLR § 3211(a)(1) defense founded in documentary evidence

In ABY's petition, it alleges that the Town Clerk replied to its FOIL request stating "no such records exist." However, an exhibit of this response has not been submitted by the parties in order for the Court to determine whether this statement is a sufficient certification under Public Officers Law § 89(3)(a). The Town cannot establish its defense by using ABY's petition to prove that the Town Clerk's certification conforms with the law. *1911 Richmond Ave. Assoc., LLC v G.L.G. Capital, LLC*, 60 AD3d 1021, 1022 [2d Dept 2009]; *see also Advanced Global Tech., LLC v Sirius Satellite Radio, Inc.*, 44 AD3d 317, 318 [1st Dept 2007]. Consequently, Respondents' argument to dismiss ABY's fourth cause of action pursuant to CPLR § 3211(a)(1) is denied.

### B. CPLR § 3211(a)(7) failure to state a cause of action

On a motion to dismiss a pleading pursuant to CPLR § 3211(a)(7), "all of the allegations in the petition/complaint are deemed true and the petitioner/plaintiff is afforded the benefit of every favorable inference." *Matter of Kar-McVeigh, LLC v Zoning Bd. of Appeals of Town of Riverhead*, 93 AD3d 799, 800 [2d Dept 2012][internal citations omitted]. Furthermore, "the sole criterion is whether the petition sets forth allegations sufficient to make out a claim that the determination sought to be reviewed was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion." *Matter of Oddone v Suffolk County Police Dep't*, 96 AD3d 758, 760 [2d Dept 2012][internal citations omitted]. When a government agency fails to respond to an appeal of a FOIL request within the requisite ten day time period, it is a denial by operation of law. Public Officers Law § 89(4)(b). Additionally, "a person denied access to a record in an appeal determination . . . may bring a proceeding for review of such denial." *Id.*

-7-

Here, ABY's petition asserts that it appealed the Town Clerk's response on July 22, 2019 by sending Hoehmann a letter via email, and that Hoehmann had not responded to the appeal as of August 8, 2019, more than ten business days after the alleged appeal. Because ABY alleges that Hoehmann failed to respond to ABY's appeal, the pleadings set forth a cause of action against the Town for failing to perform a duty enjoined upon it by law. Therefore, Respondents' argument to dismiss ABY's fourth cause of action pursuant to CPLR § 3211(a)(7) is denied.

Based upon the foregoing, it is

ORDERED that Respondent's motion to dismiss is granted as to ABY's first, second, and third causes of action, and it is further;

ORDERED that ABY's first, second, and third causes of action are hereby dismissed, and it is further;

ORDERED that Respondents file an answer to ABY's verified petition and complaint as to its remaining cause of action by **Tuesday, January 21, 2020.**

The foregoing constitutes the Decision and Order of the Court.

Dated: New City, New York                    E N T E R
     December 23, 2019

_Robert M. Berliner_
HON. ROBERT M. BERLINER, J.S.C.

To:

Counsel of Record via NYSCEF

-8-

# Supreme Court of the State of New York
# Appellate Division: Second Judicial Department

Informational Statement (Pursuant to 22 NYCRR 1250.3 [a]) - Civil

| Case Title: Set forth the title of the case as it appears on the summons, notice of petition or order to show cause by which the matter was or is to be commenced, or as amended. | For Court of Original Instance |
|---|---|
| ATERES BAIS YAAKOV ACADEMY OF ROCKLAND<br><br>- against -<br><br>THE TOWN OF CLARKSTOWN, THE TOWN OF CLARKSTOWN ZONING BOARD OF APPEALS, and THE TOWN OF CLARKSTOWN BUILDING DEPARTMENT | Date Notice of Appeal Filed |
| | For Appellate Division |

| Case Type | | Filing Type | |
|---|---|---|---|
| ☑ Civil Action | ☑ CPLR article 78 Proceeding | ☑ Appeal | ☐ Transferred Proceeding |
| ☐ CPLR article 75 Arbitration | ☐ Special Proceeding Other | ☐ Original Proceedings | ☐ CPLR Article 78 |
| ☐ Action Commenced under CPLR 214-g | ☐ Habeas Corpus Proceeding | ☐ CPLR Article 78 | ☐ Executive Law § 298 |
| | | ☐ Eminent Domain | ☐ CPLR 5704 Review |
| | | ☐ Labor Law 220 or 220-b | |
| | | ☐ Public Officers Law § 36 | |
| | | ☐ Real Property Tax Law § 1278 | |

**Nature of Suit:** Check up to three of the following categories which best reflect the nature of the case.

| | | | |
|---|---|---|---|
| ☑ Administrative Review | ☐ Business Relationships | ☐ Commercial | ☐ Contracts |
| ☑ Declaratory Judgment | ☐ Domestic Relations | ☐ Election Law | ☐ Estate Matters |
| ☐ Family Court | ☐ Mortgage Foreclosure | ☐ Miscellaneous | ☐ Prisoner Discipline & Parole |
| ☐ Real Property (other than foreclosure) | ☑ Statutory | ☐ Taxation | ☐ Torts |

Informational Statement - Civil

| Appeal | | | |
|---|---|---|---|
| Paper Appealed From (Check one only): | | If an appeal has been taken from more than one order or judgment by the filing of this notice of appeal, please indicate the below information for each such order or judgment appealed from on a separate sheet of paper. | |
| ☐ Amended Decree | ☐ Determination | ☒ Order | ☐ Resettled Order |
| ☐ Amended Judgement | ☐ Finding | ☐ Order & Judgment | ☐ Ruling |
| ☐ Amended Order | ☐ Interlocutory Decree | ☐ Partial Decree | ☐ Other (specify): |
| ☐ Decision | ☐ Interlocutory Judgment | ☐ Resettled Decree | |
| ☐ Decree | ☐ Judgment | ☐ Resettled Judgment | |

| | | | |
|---|---|---|---|
| Court: | Supreme Court | County: | Rockland |
| Dated: 12/23/2019 | | Entered: 12/24/2019 | |
| Judge (name in full): Hon. Robert M. Berliner | | Index No.: 034514/2019 | |
| Stage: ☐ Interlocutory ☒ Final ☐ Post-Final | | Trial: ☐ Yes ☒ No    If Yes: ☐ Jury ☐ Non-Jury | |

| Prior Unperfected Appeal and Related Case Information |
|---|

Are any appeals arising in the same action or proceeding currently pending in the court?    ☐ Yes ☒ No
If Yes, please set forth the Appellate Division Case Number assigned to each such appeal.

Where appropriate, indicate whether there is any related action or proceeding now in any court of this or any other jurisdiction, and if so, the status of the case:

| Original Proceeding |
|---|

| | | | |
|---|---|---|---|
| Commenced by: ☐ Order to Show Cause ☒ Notice of Petition ☐ Writ of Habeas Corpus | | Date Filed: | 08/08/2019 |
| Statute authorizing commencement of proceeding in the Appellate Division: CPLR 5701(a) | | | |

| Proceeding Transferred Pursuant to CPLR 7804(g) |
|---|

| | | |
|---|---|---|
| Court: | Choose Court | County:    Choose County |
| Judge (name in full): | | Order of Transfer Date: |

| CPLR 5704 Review of Ex Parte Order: |
|---|

| | | |
|---|---|---|
| Court: | Choose Court | County:    Choose County |
| Judge (name in full): | | Dated: |

| Description of Appeal, Proceeding or Application and Statement of Issues |
|---|

Description: If an appeal, briefly describe the paper appealed from. If the appeal is from an order, specify the relief requested and whether the motion was granted or denied. If an original proceeding commenced in this court or transferred pursuant to CPLR 7804(g), briefly describe the object of proceeding. If an application under CPLR 5704, briefly describe the nature of the ex parte order to be reviewed.

Petitioner Ateres Bais Yaakov ("ABY") filed a hybrid Article 78 & declaratory judgment action requesting the following relief from the Supreme Court, Rockland County: (1) compelling the Clarkstown Zoning Board of Appeals ("ZBA") to hold a hearing on ABY's appeal of the Building Department's erroneous decision denying ABY -- an Orthodox Jewish school that entered into a contract to purchase a property in Clarkstown (the "Property") -- a building permit and, alternatively, an area variance, pursuant to Article 78; (2) directing the ZBA to overturn the Building Department's determination and find that a variance is inapplicable for ABY's intended use of the Property, or in the alternative directing the ZBA to grant ABY a variance, pursuant to Article 78; (3) declaring that the Building Department's determination was contrary to law, arbitrary and capricious, and in violation of ABY's constitutional and civil rights to the free exercise of religion; and (4) compelling Clarkstown to produce all records in response to a particular FOIL request. In a Decision and Order dated December 23, 2019, Supreme Court (Berliner, J.) dismissed ABY's first three causes of action, and ordered Respondents to file an answer to the fourth cause of action. ABY hereby appeals from the portions of the Order that dismissed ABY's first three causes of action.

Informational Statement - Civil

**Issues:** Specify the issues proposed to be raised on the appeal, proceeding, or application for CPLR 5704 review, the grounds for reversal, or modification to be advanced and the specific relief sought on appeal.

Supreme Court made several errors of law and fact in dismissing three of its causes of action for lack of standing. With respect to the first and second causes of action, the Court incorrectly determined that ABY was not an "aggrieved party" that had standing to challenge the ZBA's failure to even hold a hearing on ABY's appeal. Among other things, the Court misapplied settled caselaw that presumes standing to immediate parties to an administrative action, such as ABY here. The Court further misinterpreted ABY's factual allegations, failing to address GBC's termination of the purchase contract and revocation of consent to proceed with the permit process as a part of ABY's injury in fact itself, directly caused by the ZBA's undue delay and failure to hold a hearing that caused ABY's loss of financing. Moreover, the Court wholly failed to address ABY's mootness arguments as relates to ABY's standing; because Respondents' conduct is capable of repetition yet evades review, it is subject to the mootness exceptions provided for under New York law, as articulated by the New York Court of Appeals.

The Court's dismissal of ABY's third cause of action -- for declaratory relief regarding the Building Department's denial of ABY's building permit application -- was predicated on an erroneous "zone of interest" analysis. Among other errors, the Court simply presupposed the validity of the stated legislative purpose behind the local law at issue. In addition to drawing inferences in favor of Respondents, rather than ABY, the Court also failed to engage in the conflict between the stated legislative purpose of that law (concerning purported "negative impacts generated by non-residential uses within residential zoning districts") and settled New York caselaw, including as expressed in several cases from this Department, requiring municipalities and zoning authorities to reasonably accommodate the free exercise of religion, which is inherently beneficial. By assuming the validity of Respondents' application of the local law to ABY based on a single excerpt from the Resolution adopting the local law, the Court allowed Respondents to insulate themselves from any legal action arising from their misuse of the local law.

ABY preserves the remainder of its arguments, which will be fully presented in its perfected appeal.

**Party Information**

**Instructions:** Fill in the name of each party to the action or proceeding, one name per line. If this form is to be filed for an appeal, indicate the status of the party in the court of original instance and his, her, or its status in this court, if any. If this form is to be filed for a proceeding commenced in this court, fill in only the party's name and his, her, or its status in this court.

| No. | Party Name | Original Status | Appellate Division Status |
|-----|-----------|-----------------|---------------------------|
| 1 | ATERES BAIS YAAKOV ACADEMY OF ROCKLAND | Petitioner | Appellant |
| 2 | THE TOWN OF CLARKSTOWN | Respondent | Respondent |
| 3 | THE TOWN OF CLARKSTOWN ZONING BOARD OF APPEALS | Respondent | Respondent |
| 4 | THE TOWN OF CLARKSTOWN BUILDING DEPARTMENT | Respondent | Respondent |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |

Informational Statement - Civil

| Attorney Information | | | | |
|---|---|---|---|---|

Instructions:  Fill in the names of the attorneys or firms for the respective parties.  If this form is to be filed with the notice of petition or order to show cause by which a special proceeding is to be commenced in the Appellate Division, only the name of the attorney for the petitioner need be provided.  In the event that a litigant represents herself or himself, the box marked "Pro Se" must be checked and the appropriate information for that litigant must be supplied in the spaces provided.

| Attorney/Firm Name: Yehudah L. Buchweitz/Weil, Gotshal & Manges LLP | | | | |
|---|---|---|---|---|
| Address: 767 5th Ave. | | | | |
| City: New York | State: NY | Zip: 10153 | Telephone No: 212-310-8000 | |
| E-mail Address: yehudah.buchweitz@weil.com | | | | |
| Attorney Type:   ■ Retained   ☐ Assigned   ☐ Government   ☐ Pro Se   ☐ Pro Hac Vice | | | | |
| Party or Parties Represented (set forth party number(s) from table above): 1 | | | | |
| Attorney/Firm Name:  Ira Emanuel/Ira M. Emanuel, P.C. | | | | |
| Address: 4 Laurel Road | | | | |
| City: New City | State: NY | Zip: 10956 | Telephone No: 845-634-4141 | |
| E-mail Address: ira@emanuellaw.com | | | | |
| Attorney Type:   ■ Retained   ☐ Assigned   ☐ Government   ☐ Pro Se   ☐ Pro Hac Vice | | | | |
| Party or Parties Represented (set forth party number(s) from table above): 1 | | | | |
| Attorney/Firm Name:  John Flannery/Wilson, Elser, Moskowitz, Edelman & Dicker, LLP | | | | |
| Address: 1133 Westchester Avenue | | | | |
| City: White Plains | State: NY | Zip: 10604 | Telephone No: 914-323-7000 | |
| E-mail Address: john.flannery@wilsonelser.com | | | | |
| Attorney Type:   ■ Retained   ☐ Assigned   ☐ Government   ☐ Pro Se   ☐ Pro Hac Vice | | | | |
| Party or Parties Represented (set forth party number(s) from table above): 2, 3, and 4 | | | | |
| Attorney/Firm Name: | | | | |
| Address: | | | | |
| City: | State: | Zip: | Telephone No: | |
| E-mail Address: | | | | |
| Attorney Type:   ☐ Retained   ☐ Assigned   ☐ Government   ☐ Pro Se   ☐ Pro Hac Vice | | | | |
| Party or Parties Represented (set forth party number(s) from table above): | | | | |
| Attorney/Firm Name: | | | | |
| Address: | | | | |
| City: | State: | Zip: | Telephone No: | |
| E-mail Address: | | | | |
| Attorney Type:   ☐ Retained   ☐ Assigned   ☐ Government   ☐ Pro Se   ☐ Pro Hac Vice | | | | |
| Party or Parties Represented (set forth party number(s) from table above): | | | | |
| Attorney/Firm Name: | | | | |
| Address: | | | | |
| City: | State: | Zip: | Telephone No: | |
| E-mail Address: | | | | |
| Attorney Type:   ☐ Retained   ☐ Assigned   ☐ Government   ☐ Pro Se   ☐ Pro Hac Vice | | | | |
| Party or Parties Represented (set forth party number(s) from table above): | | | | |

Informational Statement - Civil