# EXHIBIT   AAA

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------------------------------------- x
In the Matter of the Application of                    :   Index No. 034514/2019
                                                       :
ATERES BAIS YAAKOV ACADEMY OF                          :   Assigned Justice:
ROCKLAND,                                              :   Hon. Robert M. Berliner,
                                                       :   J.S.C.
                                    Petitioner,        :
                                                       :
For a Judgment Pursuant to Article 78 of the           :
Civil Practice Law and Rules,                          :
                                                       :
        -against-                                      :
                                                       :
THE TOWN OF CLARKSTOWN, THE TOWN OF                    :
CLARKSTOWN ZONING BOARD OF APPEALS, and THE            :
TOWN OF CLARKSTOWN BUILDING DEPARTMENT,                :
                                                       :
                                    Respondents.       :
------------------------------------------------------------------------- x

# MEMORANDUM OF LAW IN RESPONSE TO FOURTH CAUSE OF ACTION IN PETITION

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
Attorneys for Respondents
1133 Westchester Avenue
White Plains, NY 10604
(914) 323-7000

8111778v.1

## TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| Introduction | 1 |
| Preliminary Statement | 1 |
| Pertinent Facts and Procedural History | 1 |
| Argument | 3 |
|     POINT I    THE FOURTH CAUSE OF ACTION SHOULD BE DISMISSED ON THE BASIS OF DOCUMENTAR EVIDENCE | 3 |
|     POINT II    THE FOURTH CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CAUSE OF ACTION | 4 |
| Conclusion | 6 |

## TABLE OF AUTHORITIES

Page(s)

Cases

*Chrysler v. Town of Newburgh Police Dep't,*
   13 A.D.3d 368, 369 (2d Dep't 2004).................................................................................4

*Matter of Adams v. Hirsch,*
   182 A.D.2d 583 (1st Dep't 1992) ......................................................................................4

*New York Assoc. of Homes and Servs. for the Aging, Inc. v. Novello,*
   13 A.D.3d 958 (3d Dep't 2004).........................................................................................4

*Rattley v. New York City Police Dep't,*
   96 N.Y.2d 873, 875 (2001) ................................................................................................4

*Walsh v. Wasser,*
   225 A.D.2d 911, 912 (3d Dep't 1996) ...............................................................................4

Statutes

N.Y. Pub. Officer's Law §88(2) (McKinney's 2020) ...............................................................3

N.Y. Pub. Officer's Law §89(3) (McKinney's 2020) ...............................................................4

N.Y. Pub. Officer's Law §89(4)(b) (McKinney's 2020)...........................................................5

## Introduction

Respondents-Defendants Town of Clarkstown, Town of Clarkstown Zoning Board of Appeals, and the Town of Clarkstown Building Department ("Respondents"), by their undersigned attorneys, respectfully submit this memorandum of law in response and opposition to the fourth cause of action in verified petition and complaint of petitioner Ateres Bais Yaakov Academy of Rockland ("ABY").

## Preliminary Statement

By Decision and Order of the Supreme Court of the State of New York, Rockland County (Berliner, *J.S.C.*), dated December 23 and entered December 24, 2019 (D.E. 45) (the "Decision and Order"), the Court dismissed the first, second and third cause of action in ABY's verified petition and complaint, but ordered Respondents to file an answer to the fourth cause of action. The fourth cause of action alleges that Respondents failed to comply with their obligations under the Freedom of Information Law ("FOIL") in responding to a FOIL demand submitted by ABY. In fact, Respondents properly responded to the demand, indicating that responsive documents did not exist. FOIL does not require a municipality to produce documents which are not kept or maintained by the municipality. Accordingly, the fourth cause of action should be dismissed.

## Pertinent Facts and Procedural History

On June 6, 2019, at 11:57 a.m., ABY, by and through its attorney, Kaela Dahan, Esq., submitted a FOIL request seeking the following:

> Any and all records, written, electronic or otherwise, of the Town of Clarkstown relating to (A) the purchase and sale of all or a portion of that certain parcel of land currently owned by Grace Baptist Church of Nanuet located at 22 Demarest Ave, 24 Demarest Ave, 26 Demarest Ave, and 9 Highview Ave Nanuet, NY, including but not limited to: (1) records of communications between the Town of Clarkstown or any of its representatives or agents and any other party, including Grace Baptist Church of Nanuet and its officers and directors, including Pastor William French, Patrick Loftus, Esq., Rand Realty or Paul Adler, Esq., (2) records relating to the statement of Clarkstown

8111778v.1

-1-

Town Supervisor George Hoehmann as quoted on lohud.com, May 16, 2019, regarding the Town's interest in the property and evaluating its options with respect thereto, (3) copies of minutes and tape recordings of all meetings of the Town Board or other committee or subcommittee at which the sale of the property, or the Town's interest in the same was discussed and (4) copies of any offers, term sheets, letters of intent or agreement, whether formal or informal binding or non-binding, submitted or received by the Town regarding the purchase of such property, in each case including but not limited to the time period between October 17th, 2018 through May 16, 2019, (B) a list of applications by any school or religious institution to the Clarkstown Building Department for permits, use variances or other variances within the last 5 years together with the decisions issued by the Town with respect thereto (including a list of applications which were not ultimately heard at a meeting of the Zoning Board of Appeals due to incomplete submissions or applications otherwise terminated) and (C) requirements of the Clarkstown Zoning Board of Appeal for applicants to submit a survey (or other supporting documentation not required by the Zoning Code) together with applications. If the documents are capable of being scanned or provided in electronic form, please email the records to KaelaDahan@weil.com.

**Exhibit A.**[1]

On July 5, 2019, the Town timely responded to ABY's FOIL Request. **Exhibit B.** In relevant part, the Town's response stated: "In reference to the above FOIL request please be advised of the following:

[A](1) No records exist.

[A](2) No records exist.

[A](3) Attached are the minutes requested from a Town Board meeting. A recording of such meeting is available on a CD. The cost for the CD is $5.00. If you would like a copy of the CD please send me payment in the amount of $5 made out to the Town of Clarkstown and I will mail the CD to you.

[A](4) No records exist.

(B) The Town of Clarkstown does not maintain records in the manner and categories as contemplated by [y]our request.

(C) Attached is a copy of the ZBA application.

Ex. B.

---

[1] All exhibits referenced herein are annexed to Respondents verified answer and certification of the record filed herewith.

The Town of Clarkstown requires appeals from the denial of a FOIL request to be submitted by hand, or by regular mail addressed to George Hoehmann, Supervisor, 10 Maple Avenue, New City, NY 10956, a requirement that is set forth on the Town's standard form application for FOIL requests. **Exhibit C**.

On July 22, 2019, Ms. Kahan emailed a letter appealing "the denial of access regarding my Freedom of Information Law request, which was filed on June 6, 2019 with the Town Clerk's Office of the Town of Clarkstown." **Exhibit D**. Ms. Kahan's appeal states: "I hereby appeal the denial of my [FOIL] request." *Id.* From the face of Ms. Kahan's July 22 letter it is not clear to which email address it was sent. *See* Ex. D (no email address listed). However, it is clear that the letter was not sent first class mail because the zip code used for Supervisor Hoehmann's address, "20956," is not the Zip Code for Clarkstown, New York (10956), but rather the Zip Code for a post office located in Jesus Maria, Mexico.

On August 9, 2019, Supervisor Hoehmann responded to Ms. Kahan's July 22, 2019 appeal, "notwithstanding the fact it was not receive by mail as required by the Town of Clarkstown's application for public access to records." **Exhibit E**. The August 9, 2019 response denied the appeal because "the requested documents do not exist." *Id.*

## Argument

### POINT I
### THE FOURTH CAUSE OF ACTION SHOULD BE DISMISSED ON THE BASIS OF DOCUMENTARY EVIDENCE

Article 6 of the New York Public Officers Law is known as the Freedom of Information Law ("FOIL"). Under FOIL, government agencies are generally required to "make available for public inspection and copying all records." N.Y. Pub. Officer Law §87(2) (McKinney's 2020). Subject to a series of exemptions not relevant here, in response to a FOIL request the

-3-

8111778v.1

government agency must either "provide a copy of such record and certify to the correctness of such copy if so requested, or as the case may be, shall certify that it does not have possession of such record or that such record cannot be found after diligent search." *Id.* at §89(3)(a). FOIL does not prescribe the precise manner in which the certification called for in Section 89(3)(a) should be made. *See Rattley v. New York City Police Dep't*, 96 N.Y.2d 873, 875 (2001).

As Section 89(3)(a) implies, and as courts have consistently held, the recipient of a FOIL demand "is under no obligation to furnish [the requesting party] with documents which [it] does not have." *Walsh v. Wasser*, 225 A.D.2d 911, 912 (3d Dep't 1996), citing *Matter of Adams v. Hirsch*, 182 A.D.2d 583 (1st Dep't 1992); *see also Chrysler v. Town of Newburgh Police Dep't*, 13 A.D.3d 368, 369 (2d Dep't 2004); *New York Assoc. of Homes and Servs. for the Aging, Inc. v. Novello*, 13 A.D.3d 958 (3d Dep't 2004).

Here, in response to ABY's FOIL demand, the Town produced documents as required with respect to parts (A)(3) and (C) of the request, and with respect to parts (A)(1), (A)(2), (A)(4) and (B) of the request, responded that "no such records exist." Ex. B. The Town, like any municipal agency responding to a FOIL demand, is under no obligation to produce documents that it does not possess. The Town responded to the FOIL demand clearly stating that it did not possess documents responsive to the topics in question. *Id.*

Accordingly, incontrovertible documentary evidence demonstrates that the Town fulfilled its obligation under FOIL, and the fourth cause of action should be dismissed pursuant to CPLR 3211(a)(1).

## POINT II

### THE FOURTH CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CAUSE OF ACTION

Section 89(4)(a) of the New York Public Officer's Law provides, in relevant part, that

"any person denied access to a record may within thirty days appeal in writing such denial to the . . . chief executive . . . of the entity . . . who shall within ten business days of the receipt of such appeal fully explain in writing . . . the reasons for further denial, or provide access to the record sought." N.Y. Pub. Officer's Law §89(4)(a) (McKinney's 2020).

Section 89(4)(b) of the New York Public Officer's Law provides, in relevant part, that a "person denied access to a record in an appeal determination . . . may bring a proceeding for review of such denial pursuant to [CPLR Article 78]. N.Y. Pub. Officer's Law §89(4)(b) (McKinney's 2020). Section 89(4)(b) further provides that the "[f]ailure by an agency to conform to the provisions of [Section 89(4)(a)] shall constitute a denial." *Id.*

Here, the fourth cause of action alleges that the Town failed to perform a duty enjoined upon it by law by "denying to hear ABY's FOIL appeal." *See* Petition and Complaint, at ¶106.

As an initial matter, ABY's FOIL appeal was never properly submitted to the Town because it was not had delivered, or sent by regular mail addressed to George Hoehmann, Supervisor, 10 Maple Avenue, New City, NY 10956, a requirement that is set forth on the Town's standard form application for FOIL requests. Rather, in contravention to the Town's procedures, the appeal was sent via email. Ex. C. Hence, the ten-day period in which the Town was required to respond to ABY's appeal never commenced.

However, even assuming that the 10-day period did commence upon ABY emailing the appeal, the Town's failure to respond within ten business day does not constitute a violation of the Town's duty to "hear" ABY's FOIL appeal because, as a matter of law, the failure of the Town to conform to the provisions of Section 89(4)(a) -- including the provision which requires a response to a FOIL appeal within ten business days -- "shall constitute a denial" of the appeal. N.Y. Pub. Officer's Law §89(4)(b)(McKinney's 2020). Hence, ABY's FOIL appeal was hear,

8111778v.1

-5-

and denied, by operation of law, and to the extent ABY seeks a declaration that the Town violated its FOIL obligations by failing to hear ABY's appeal, the Fourth Cause of Action fails to state a cause of action upon which relief may be granted.

## Conclusion

The fourth cause of action in ABY"s petition and complaint should be dismissed.

Dated: White Plains, New York
January 21, 2020

                                    Respectfully submitted,

                                    WILSON, ELSER, MOSKOWITZ
                                    EDELMAN & DICKER, LLP
                                    Attorneys for Respondents-Defendants

                                    _____
                                    John M. Flannery
                                    Lalit K. Loomba

                                    1133 Westchester Avenue
                                    White Plains, NY  10604
                                    (914) 323-7000
                                    Our File No. 19816.00012