# EXHIBIT CCC

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF ROCKLAND

--------------------------------------------------------------------X

In the Matter of the Application of :
Grace Baptist Church of Nanuet            VERIFIED PETITION
For Approval to Sell Real Property
Pursuant to Not-for-Profit Corporations Law
§§510-511 and Religious Corporations Law §12    Index No.        :
--------------------------------------------------------------------X

TO:   SUPREME COURT OF THE STATE OF NEW YORK

Petitioner, Grace Baptist Church of Nanuet, by Charles Reuben, Chairman of the Board of Trustees of the corporation, for its Verified Petition herein respectfully alleges:

1. The name of the corporation is Grace Baptist Church of Nanuet. Grace Baptist Church of Nanuet was formed in 1947 by merger of the Nanuet Baptist Church and the Hempstead Baptist Church, a/k/a the First Baptist Church of Suffern. The original name of the corporation was Grace Conservative Baptist Church of Nanuet and Suffern. By certificate dated May 7, 1958, the name of the corporation was changed to Grace Conservative Baptist Church. By certificate dated September 18, 1995, the name of the corporation was changed to Grace Baptist Church of Nanuet. Copies of the certificate of incorporation, certificates of name change and a copy of the corporation's by-laws, as amended, are attached as Exhibit A.

2. The address of the corporation's principal location is 20 Demarest Ave., Nanuet, New York 10954.

3. The corporation was formed under the Religious Corporations Law.

4. The names and home addresses of the corporation's officers and trustees are attached as Exhibit B.

FILED: ROCKLAND COUNTY CLERK 01/10/2020 08:42 AM		INDEX NO. 030222/2020
NYSCEF DOC. NO. 1		RECEIVED NYSCEF: 01/10/2020
Case 7:20-cv-01399-NSR   Document 1-56   Filed 02/18/20   Page 3 of 8

5. The corporation's activities consist of the promotion of the Baptist Christian faith by public and private worship, religious education and social action.

6. The corporation has owned its house of worship at 22 Demarest Avenue, Nanuet, NY since 1950. The house of worship, buildings and grounds at the present location are very large and suited the corporation at times when the congregation was much larger than it is today. Because the size of the congregation had been reduced over time, and because the cost to maintain the buildings and grounds has increased over time, the Trustees determined that it was no longer economically feasible for the corporation to own and occupy the Demarest Ave. location. As a result, in December, 2017, the corporation leased property located at 60 E. Madison Ave., Pearl River, NY and relocated its house of worship to the Pearl River location. A copy of the said rental agreement is attached as Exhibit C. In addition, the Trustees made a decision, ratified by the congregation, to sell all of the Nanuet property.

7. After investigating the matter, the corporation decided to list the property for sale with a local real estate broker, Rand Commercial. In 2018, Rand Commercial listed and marketed the property for sale. Thereafter, Rand Commercial procured a buyer, Ateres Bais Yaakov, that executed a contract with the corporation for purchase of the property. After the contract with Ateres Bais Yaakov was terminated in May, 2019, as described in paragraph 23 hereinafter, Rand Commercial relisted the property and solicited new offers. After the property was relisted, several inquiries and offers were received, none of which matched or exceeded the offer of $4,550,000.00 made by the Town of Clarkstown. As of the date of this Petition, the highest offer received has been the offer of $4,550,000.00 from the Town of Clarkstown.

8. By this petition, the corporation seeks approval for the sale of real property owned by the corporation, namely, premises located at 20 Demarest Ave., 22 Demarest Ave., 24 Demarest Ave., 26 Demarest Ave. and 9 Highview Ave., Nanuet, NY (Section 64, Block 1, Lots 46, 47, 48, 50

and 51) to the Town of Clarkstown (hereinafter the "Purchaser") for the sum of $4,550,000.00. Copies of the vesting deeds to the said real property are attached as Exhibit D. A copy of the contract of sale is attached as Exhibit E.

9. Paragraph 4(a) and paragraph 1 of the rider to the contract of sale describe three contingencies/conditions precedent to closing, namely, (i) passage of a resolution by the Clarkstown Town Board authorizing the purchase, (ii) passage of a negative SEQRA declaration by the Clarkstown Town Board and (iii) passage of a resolution by the Clarkstown Town Board authorizing the Town of Clarkstown to issue a bond to finance the purchase, which bonding resolution would be subject to a permissive referendum and estoppel period. All three resolutions were passed by the Clarkstown Town Board on November 7, 2019. Copies of the said resolutions are attached as Exhibit F. The permissive referendum and estoppel period expired January 9, 2020 without any objections having been filed. As of the date of this Petition, all contingencies in the contract of sale have been satisfied and Purchaser has advised that Purchaser is prepared to close the transaction immediately upon receipt of approval by this Court. The time of the essence language contained in paragraph 8 of the contract of sale has been rendered moot due to the satisfaction of all contingencies.

10. The appraised value of the said real property is $4,665,000.00. A copy of an appraisal of the church property (22-26 Demarest Ave. and 9 Highview Ave.) and a copy of an appraisal of the parsonage (20 Demarest Ave.) are attached as Exhibit G.

11. Although the contract price of $4,550,000.00 is 2.47% lower than the appraised value, the corporation accepted the offer of $4,550,000.00 because (i) it was the highest and best offer received, (ii) it was not subject to traditional lender financing, (iii) the purchaser was willing to accept the property "as is" and (iv) it was not subject to any due diligence by the purchaser.

FILED: ROCKLAND COUNTY CLERK 01/10/2020 08:42 AM
NYSCEF DOC. NO. 1
INDEX NO. 030222/2020
RECEIVED NYSCEF: 01/10/2020

Case 7:20-cv-01399-NSR   Document 1-56   Filed 02/18/20   Page 4 of 8

12. The corporation has no major debts and/or liabilities, the total debts/liabilities of the corporation being less than $10,000.00. The full financial status of the corporation is set forth in the financial reports attached as Exhibit H.

13. The consideration to be received by the corporation consists of all cash in the amount of $4,550,000.00 at closing of title.

14. The corporation will use part of the consideration to pay the expenses of closing, which expenses are set forth in Exhibit I, attached. Beyond said expenses of closing, the corporation has no specific plan for the use of the net proceeds of the sale. In general, the intention of the corporation is to locate and purchase a new house of worship in the same geographic area as its present location. In addition, the net proceeds will be used to pay (i) any operational deficit of the corporation and (ii) expenses in furtherance of the mission of the corporation.

15. The corporation proposes that the sum of $1,000,000.00 be set aside from the consideration received at closing and held in escrow by Freeman & Loftus RLLP, attorneys for the corporation. Said sum shall be reserved for the acquisition and/or renovation of a future house of worship. Said sum shall remain in escrow until the corporation obtains further order of the Court approving and/or directing its use.

16. Dissolution of the corporation is not being contemplated by its membership.

17. The consideration to be received in the sale is fair and reasonable to the corporation. In addition, the purposes of the corporation will be promoted by the transaction in that it will provide funds to finance the general purposes of the corporation stated in paragraph 12, above.

18. The sale transaction was duly recommended and authorized by a vote of the Trustees at a meeting duly called and held on October 20, 2019. There are 4 Trustees of the corporation and all 4 Trustees were present at the said meeting, constituting a quorum. All 4 Trustees voted in

favor of the sale transaction and 0 Trustees voted against. A certified copy of the Trustees resolution is attached as Exhibit J.

19. A meeting of the membership was duly called and held on October 20, 2019. There are 28 members of the corporation. 10 members of the corporation are required for a quorum. 17 members attended the said meeting, constituting a quorum. 16 members voted in favor of the sale transaction, 0 members voted against the sale transaction and 1 member abstained from voting. A certified copy of the members' resolution is attached as Exhibit K.

20. The corporation does not have a denominational governing body from which approval is required for the sale of property described herein.

21. The sale transaction is an arms-length transaction and none of the trustees, officers, employees or members of the corporation or their relatives will receive a direct or indirect financial benefit as a result of the transaction or distribution of the proceeds.

22. No approval is required from any other government agency.

23. There was a previous application to the Attorney General and the Court for approval to sell 22-26 Demarest Ave. and 9 Highview Ave. to Ateres Bais Yaakov, an Education Corporation. 20 Demarest Ave. was not part of the proposed sale to Ateres Bais Yaakov. Said prior application was assigned Index No. 030934/2019 and approval for the sale was granted by Hon. Paul I. Marx. A copy of the Order of Judge Marx is attached as Exhibit L. After approval was granted, on May 16, 2019, the contract of sale was terminated by Ateres Bais Yaakov. Copies of the termination notice from the attorney for Ateres Bais Yaakov and confirming letter from Freeman & Loftus RLLP are attached as Exhibit M.

24. The corporation is not insolvent and will not become insolvent as a result of the transaction.

25. No persons or entities having a legal or monetary interest in the sale have raised, or have a reasonable basis to raise, objections to the transaction.

WHEREFORE, petitioner respectfully requests that the Court approve the sale of real property by Grace Baptist Church of Nanuet, a religious corporation, pursuant to the Religious Corporations Law §12.

IN WITNESS WHEREFOR, the corporation has caused this Petition to be executed this ___9th___ day of January, 2020.

_____
Charles Reuben, Chairman

Patrick J. Loftus, Esq.
Freeman & Loftus, RLLP
4 Laurel Road
New City, New York 10956
845-634-0888
flmattys@aol.com

Verification

STATE OF NEW YORK )
                  ) SS
COUNTY OF ROCKLAND)

Charles Reuben, being duly sworn, deposes and says:

I am the Chairman of the Board of Trustees of Grace Baptist Church of Nanuet, the corporation named in the above Petition and make this verification at the direction of its Board of Trustees. I have read the foregoing Petition and know the contents thereof to be true of my own knowledge, except those matters that are stated on information and belief and as to those matters I believe them to be true.

_____
Charles Reuben

Sworn to before me this ___9th___
day of January, 2020

_____
NOTARY PUBLIC

KAREN AZZARI
Notary Public, State of New York
No. 01AZ6144831
Qualified in Rockland County
Term expires April 24, 20 22